TEXAS RECIPROCAL INSURANCE ASSOCIATION V. D. LEGER.

No. 7099. Decided October 28, 1936.
Rehearing overruled November 25, 1936.
(97 S. W., 2d Series, 677.)

*Weatherby, Rogers & Scott,* of Waco, for plaintiff in error.

Where the party appealing from an award of the Industrial Accident Board and the adverse party, who has filed a cross action, both dismiss without objection by the other party, the award of the board is abrogated. Republic Underwriters v. Howard, 69 S. W. (2d) 584; Arter v. Southern Surety Co., 29 S. W. (2d) 847; Id., 44 S. W. (2d) 913.

*Howell & Howell,* of Beaumont, for defendant in error.

Where insurance company has appealed from the action of the Industrial Accident Board and claimant has filed a cross action, and before trial both parties have dismissed there causes of action, claimant has the right to enforce the award as made by the Board. Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084; Huggins v. Texas & N. O. Ry. Co., 43 S. W. (2d) 655; New Amsterdam Casualty Co. v. Merrifield, 74 S. W. (2d) 185.

MR. JUSTICE SHARP delivered the opinion of the court.

D. Leger filed this suit in the District Court of Chambers County to mature an award made on October 5, 1932, in his favor by the Industrial Accident Board, against the Texas Reciprocal Insurance Association, for $8.65 per week as compensation, for a period not exceeding 150 weeks. The case was tried before the court without a jury, and judgment was

rendered in favor of Leger against the Insurance Company for $1370.90 compensation, together with $156.95 penalty and the sum of $475.00 attorney's fees. The Court of Civil Appeals affirmed the judgment of the trial court. 92 S. W. (2d) 482. This Court granted a writ of error.

Leger was in the employ of J. E. Thompson, of Chambers County, and while in such employment he was injured. He timely filed claim for compensation with the Industrial Accident Board, and on October 5, 1932, the Board made its final award, wherein it awarded to Leger $8.65 per week as compensation, for a period of not exceeding 150 weeks, against the Texas Reciprocal Insurance Association. The Texas Reciprocal Insurance Association duly and timely gave notice to the Board of its intention to appeal from the award; and it did appeal to a court of competent jurisdiction, towit, the District Court of Chambers County. The record shows that after the appeal from the award of the Industrial Accident Board was perfected in the District Court, and while said case was pending in that court, Leger filed a cross action against the Insurance Company, alleging that he was dissatisfied with the award of the Board for compensation for 150 weeks, and prayed for compensation for total and permanent incapacity, and for a definite and fixed period of 401 weeks. The cross action filed by Leger in the District Court sets up the entire history of his injuries and the presentation of his claim to the Industrial Accident Board, and its final award. It further appears that on the 17th day of April, 1933, the day the suit to set aside the award of the Board was set for trial, because the Insurance Company failed to introduce jurisdictional facts the court dismissed said suit; and D. Leger, having filed his cross action in said court, at that time voluntarily dismissed same, wherein he had asked for compensation for 401 weeks. Subsequent thereto Leger filed suit in the District Court of Chambers County against the Texas Reciprocal Insurance Association, to mature the original award of the Industrial Accident Board made in his favor. In his petition he sets up in detail the history of his injuries and the presentation of his claim therefor to the Industrial Accident Board, as well as the award made by said Board, and asks that said award be matured and that he have judgment therefor, together with penalty and attorney's fees.

■ This cause involves the construction of Sections 5 and 5a of Article 8307, Vernon's Annotated Civil Statutes (Workmen's

Compensation Law). It will be noted from the foregoing facts that an appeal was timely made from the award made by the Industrial Accident Board in favor of Leger, and that the District Court of Chambers County acquired jurisdiction of the parties and issues involved in the award; and that in the suit pending in the District Court of Chambers County, Leger filed his cross action expressing dissatisfaction with the award made by the Industrial Accident Board in his favor, and asked for a larger amount. The record further shows that he invoked the jurisdiction of the District Court for relief from the award made by the Board. The District Court acquired jurisdiction of all the parties and issues involved in the claim presented to the Board. Under the provisions of the statute above referred to, after the District Court had acquired jurisdiction of the parties and issues involved, the burden rested upon the claimant to establish his claim against the Insurance Company.

■ Under the Workmen's Compensation Law, where a party has had an award rendered against him by the Industrial Accident Board, and timely gives notice of his intention to appeal from said award, and timely and properly files an appeal in a court of competent jurisdiction, and the adverse party files his cross action in that court, after having been duly served with citation, and both parties announce ready for trial, and without the introduction of any testimony the suit is dismissed by the court, without any objection from the claimant, and the claimant voluntarily dismisses his cross action, the award of the Industrial Accident Board is abrogated, and claimant is not entitled to mature the award of the Industrial Accident Board in a separate suit filed for that purpose.

■ It is not contended here that the District Court was lacking in jurisdiction to determine the issues involved in that suit. If the party appealing from the award of the Industrial Accident Board had failed to allege or prove jurisdictional facts, the claimant in his cross action supplied all necessary facts to show that the court had jurisdiction of the subject matter, and the pleadings of all parties could be looked to for the purpose of determining whether or not the court had jurisdiction of the case. It is not necessary for the plaintiff to prove jurisdictional facts when such facts are admitted by the defendant.

The Court of Civil Appeals in its opinion cites in support of its holding the cases of Zurich General Accident & Liability Insurance Co., Ltd., v. Rodgers, 83 S. W. (2d) 713; Wilson v. Associated Indemnity Corporation, 74 Fed. (2d) 896; and

Maryland Casualty Co. v. Latham, 41 Fed. (2d) 312. This case was submitted and argued in connection with the case of Zurich General Accident & Liability Insurance Co., Ltd., v. Rodgers, supra, and the general principles involved here are similar to the principles involved in that case. In an opinion this day rendered in the case of Zurich General Accident & Liability Insurance Co., Ltd., v. Rodgers, 128 Texas, 313, 97 S. W. (2d) 674, we have discussed the rules governing the trial of cases de novo. We refer to that opinion for a discussion of these rules.

It is not permissible for a party against whom an award has been rendered by the Industrial Accident Board to defeat the purpose of the law by appealing to a court of competent jurisdiction, and then, before that court has acquired jurisdiction of the parties and subject matter, and before an opportunity is given to all parties concerned to assert their rights therein, dismiss the suit, abrogate the award, and destroy the interests of the parties involved in the award appealed from. The law does not sanction such a principle, and such procedure would not be tolerated.

It further appears that after the court acquired jurisdiction of the parties and issues involved in the award, and after Leger had filed his cross action for compensation, the case was called for trial. In the face of these conditions, Leger made demand upon the Insurance Company to introduce proof for the purpose of establishing the jurisdiction of the court; which the Insurance Company refused to do. Whereupon the court, on motion of Leger, dismissed the suit instituted by the Insurance Company to set aside the award made by the Industrial Accident Board. Thereafter Leger voluntarily dismissed his cross action against the Insurance Company. It is immaterial, for the purposes of this opinion, whether we hold that the action of the court in dismissing the suit filed by the Insurance Company was proper or improper. If it was improper— which we do not hold—it was merely erroneous, but, nevertheless, binding until set aside by proper proceedings. Leger did not complain of the action of the court, nor did he appeal therefrom. In so far as this case is concerned, it is conclusive as to the parties. Roberts v. McCamant et al., 70 Texas, 743, 8 S. W., 543; Harter v. Curry, 101 Texas, 187, 105 S. W., 988.

The District Court having acquired jurisdiction of the parties and issues involved in the award made by the Industrial Accident Board, when the claimant filed his cross action therein, as he did, such action avoided the award of the Board,

and the burden rested upon him to establish his claim in that court. When he permitted the dismissal of the Insurance Company's petition, it did not carry with it a dismissal of his cross action. When he permitted the court to dismiss his cross action for his claim, he was out of court without an award or judgment in his favor.

The trial court and the Court of Civil Appeals erred in holding that Leger could maintain his suit for the enforcement of the original award made by the Industrial Accident Board.

The judgments of the trial court and Court of Civil Appeals will be reversed, and judgment entered herein against Leger and in favor of the Texas Reciprocal Insurance Association.

Opinion delivered October 28, 1936.

Rehearing overruled November 25, 1936.