**NATIONAL INDEMNITY UNDERWRITERS OF AMERICA v. SHELTON et al.**

No. 10361.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1938.

Rehearing Denied April 27, 1938.

Lightfoot, Robertson & Gano and Dan P. Johnston, all of Fort Worth, for appellant.

Maxwell Burkett and Russell B. Wine, both of San Antonio, for appellees.

MURRAY, Justice.

This is a workmen's compensation case tried by the district court of Frio county. Lem Shelton was the employee, Joseph Myerscough was the employer, and National Indemnity Underwriters of America was the insurance carrier. The Industrial Accident Board allowed Lem Shelton compensation and the Indemnity Underwriters gave notice of dissatisfaction, and within the time prescribed by law filed their suit in the district court of Frio county to set aside the award. This suit was filed on November 20, 1936; on November 28, 1936, Lem Shelton filed what is designated defendant's original answer and cross-action. This pleading contained (1) a general demurrer; (2) a special denial of the allegations contained in plaintiff's petition; (3) a general denial; and (4) a cross-action stating that the Industrial Accident Board had awarded to Lem Shelton the sum of $13.85 per week for 200 consecutive weeks from December 3, 1935, and the further sum of $6.92 per week for 201 weeks; and that the National Indemnity Underwriters of America were not complying with the Workmen's Compensation Law, Rev.St.1925, art. 8306 et seq., as amended, Vernon's Ann.Civ.St. art. 8306 et seq.; and requesting that a receiver be appointed to take over the assets of the company. The trial judge entered his fiat on this pleading setting the same down for hearing at Floresville, in Wilson county, on the 1st day of December, 1936. Thereafter Lem Shelton made a motion stating, in effect, that he was not ready to produce evidence showing that the insurance carrier should be placed in the hands of a receiver, and therefore asking that his cross-action and application for a receiver be dismissed without prejudice. Whereupon the trial judge entered an order dated January 7, 1937, granting said motion and dismissing Lem Shelton's cross-action and application for a receiver. Thereafter on the same date, January 7, 1937, the insurance company paid all costs in the case and had the following notation entered on the docket: "Cause of National Indemnity Underwriters v. Lem Shelton, No. 3169, District Court, Frio County, Texas, this day dismissed by Plaintiff, and all costs paid. (signed) National Indemnity Underwriters of America by Lightfoot, Robert-

son, Saunders & Gano, its Attorney of Record."

Thereafter, on February 2, 1937, Lem Shelton made a motion requesting the court to declare the above docket entry null and void and expunge it from the record. On February 8, 1937, the court entered an order overruling this motion to expunge. On the same date the court entered another order granting Lem Shelton leave to file his first amended original answer and cross-action in the cause; said first amended original answer and cross-action having been previously filed February 1, 1937. On February 7, 1937, Claud Williams appearing as amicus curiæ suggested to the court that the court was without jurisdiction to hear and determine this lawsuit because same had been previously dismissed by the docket entry. On the same date the National Indemnity Underwriters of America filed a plea in abatement contending that the court had no jurisdiction by reason of the alleged fact that the suit had been previously dismissed. On September 15, 1937, the court entered an order overruling both the suggestion of the amicus curiæ and the plea in abatement. Thereafter the cause went to trial before a jury and in keeping with the findings of the jury judgment was entered allowing Lem Shelton a lump-sum recovery of $6,469.27; from which judgment the National Indemnity Underwriters of America have prosecuted this appeal.

■ Plaintiff in error did not file a brief in this cause within the time required by law, but defendant in error Lem Shelton has filed a brief for himself, which requires that we search the record for fundamental error, and in the event we find no fundamental error, that we affirm the judgment of the trial court.

■ A serious question of fundamental error is here presented. If this cause of action was in fact dismissed on January 7, 1936, by the notation entered on the docket, then the court would be without jurisdiction at a later date to hear and determine the cause. The attempted dismissal was no doubt done in pursuance of the provision of article 2089, R.S.1925, which reads as follows: "The plaintiff may enter a discontinuance on the docket in vacation, in any suit wherein the defendant has not answered, on the payment of all costs that have accrued thereon."

It is true, in the case at bar, defendant in error had answered, but, at the same time, the court had dismissed his cross-action and application for a receiver upon his own motion. It is not clear whether defendant in error intended only to dismiss that part of his answer which related to the application for a receiver, or whether he intended to dismiss his entire answer. The court heard a motion to declare this docket entry of dismissal null and void and expunge it from the record, the court, however, overruled this motion, but thereafter granted another motion allowing defendant in error to file an amended answer. It is not clear just what the trial court had in mind, but it would seem that the trial court was of the opinion that the only effect of the docket entry was to dismiss plaintiff in error's cause of action, which would not have the effect of denying defendant in error the right to be heard upon a cross-action. We are of the opinion that the order of the trial court dismissing defendant in error's cross-action and application for a receiver did not have the effect of dismissing defendant in error's entire answer, but certain portions of the answer remained on file as a pleading in the case after such order of dismissal. Therefore, at the time that plaintiff in error undertook to dismiss the cause by paying the costs and making a notation upon the docket in vacation, there was filed in the cause a part of defendant in error's answer; therefore, the only effect which can be given to the docket entry is that it was a dismissal of plaintiff in error's suit to set aside the award of the Industrial Accident Board, but did not have the effect of precluding defendant in error from being heard upon a cross-action. It is clear that article 2089 above does not apply in its broad sense to workmen's compensation cases. If it did, an insurance company might give notice to the Industrial Accident Board of its dissatisfaction and thereafter file a suit in a proper court to set aside the award by the Industrial Accident Board, rendering ineffective the award of the Industrial Accident Board, and then go into court in vacation, pay costs of court, and note upon the docket that the case was dismissed, and thereby prevent an injured employee from ever being heard on his claim for workmen's compensation. We are of the opinion that that part of defendant in error's answer which was still pending at the time

1142

of the attemped dismissal in vacation by plaintiff in error was sufficient to prevent plaintiff in error from dismissing the cause of action, so far as the defendant in error was concerned, and after entry on the docket defendant in error had a right, leave of the court being obtained, to file a cross-action and to be heard on that cross-action. Therefore, there is no fundamental error apparent of record, and accordingly the judgment of the trial court will be affirmed.