FEDERAL UNDERWRITERS EXCHANGE V. RICHARD READ.

No. 7783. Decided February 4, 1942.
(158 S. W., 2d Series, 767.)

*Battaile & Burr,* of Houston, for plaintiff in error.

When the plaintiff has paid all accrued costs and entered a discontinuance of his suit, in vacation and before defendant has answered, the court loses jurisdiction of said suit and it has no jurisdiction to reinstate the case. Hutchison v. Hamilton, 234 S. W. 417; Werner v. Kasten, 26 S. W. 322.

*A. A. Turner, W. C. McClain* and *Glenn Faver,* all of Conroe, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Richard Read, the employee, recovered judgment against Federal Underwriters Exchange, the insurer, for compensation under our Workmen's Compensation Law,

Article 8306 et seq., and that judgment was affirmed by the Court of Civil Appeals. 142 S. W. (2d) 440.

By its first group of assignments, the insurer called into question the action of the trial court in permitting the employee to have the case reinstated on the docket of that court after he had voluntarily discontinued same in vacation and paid up all court costs accrued therein. It is made to appear by the record that the Industrial Accident Board made its award on June 12, 1939. The employee was not willing to abide by the ruling of the Board, and on or about June 30th thereafter mailed notice of that fact to the Board. On July 1st he instituted a suit in the proper court to set aside the award and to recover compensation. Thereafter he received notice from the Board that his notice of intention to appeal from its award had been received and filed on July 3, 1939. Concluding that his notice was filed too late, he, on July 6th, in vacation, paid all costs that had accrued and caused entry of discontinuance to be made on the docket of the trial judge, no answer having been filed by the insurer. The insurer gave notice of its dissatisfaction with the award but did not file any suit. On August 16, 1939, the employee filed suit to mature the award made by the Board as provided in Article 8307, Section 5a. Shortly thereafter he learned that his notice of dissatisfaction with the award had been received by the Industrial Accident Board in time to give the court jurisdiction of his original suit; whereupon he filed in the same court a motion to reinstate the original cause. That motion was granted and the case tried on its merits, resulting in a judgment in favor of the employee as noted above.

Under the provisions of Article 8307, Sec. 5, the employee's time for filing notice that he would not abide by the ruling and decision of the Board expired on July 2nd, 1939, twenty days after the award was made. It is stipulated that July 2nd, 1939, fell on Sunday. When the employee received notice from the Board that his notice had been received and filed on July 3rd, he concluded that same was filed too late to confer jurisdiction upon the court. By an Act of the 45th Legislature, at its 2nd Called session, Chapter 9, Sec. 1, there was added to Article 8307 a section brought forward in Vernon's Statutes as Section 5b, providing that "in computing the twenty (20) days for the filing with the Board notices of unwillingness to abide by the final ruling and decision of the Board, * * * if the last day is a legal holiday or is Sunday, then, and in such case, such last day shall not be counted, and the time shall be and the

same is hereby extended so as to include the next succeeding business day." That amendment to the statute was effective at the time the employee's notice was filed with the Board, but his attorney did not know that same was in existence, and that is the only reason why he caused the notice of discontinuance to be entered on the docket and the costs to be paid.

Based upon the foregoing facts, the insurer urges, (1) that the court was without jurisdiction to reinstate the case; (2) that if it had jurisdiction, same could be invoked on equitable grounds only, which grounds were neither pleaded nor proved by the employee; and (3) if the motion to reinstate and the proceedings had thereon were sufficient to constitute the commencement of a new suit, same were insufficient to give the court jurisdiction because they were begun more than twenty days after July 3rd, the date the employee filed his notice of appeal with the Board.

These conclusions will not be questioned: (1) Under the amended statute above referred to, the notice of appeal was filed in time, and by the filing of the suit the trial court acquired jurisdiction of the suit for compensation. (2) Since jurisdiction of the case was acquired by the court, an action to mature the award did not lie. Article 8307, Sec. 5a; Zurich General Accident & Liability Ins. Co. v. Rodgers, 128 Texas 313, 97 S. W. (2d) 674; Texas Reciprocal Ins. Ass'n. v. Leger, 128 Texas 319, 97 S. W. (2d) 667. (3) If the motion to reinstate be treated as the commencement of a suit, the court acquired no jurisdiction of the case because such motion was filed more than twenty days after the employee gave notice of appeal. (4) If the court was without jurisdiction to grant his motion to reinstate, then the employee has no remedy and has suffered the loss of his claim entirely.

■ Article 2089, R. S. 1925 provides:

"The plaintiff may enter a discontinuance on the docket in vacation, in any suit wherein the defendant has not answered, on the payment of all costs that have accrued thereon."

The insurer contends that the order of dismissal having been entered before an answer was filed, the court had no authority under that article to reinstate the case upon the motion of the employee. Two cases by courts of civil appeals are cited in support of the contention. Hutchinson v. Hamilton,

234 S. W. 417; Werner v. Kasten, 26 S. W. 322. We do not find it necessary to discuss those cases further than to note that neither was a compensation case and in neither was the motion to reinstate made by the party who caused the order of discontinuance to be entered. But whatever might be the rule in ordinary cases, we think it has been well established that the rule insisted upon has no general application in a compensation case. The effect of the filing of a suit in a workmen's compensation case in the proper court is to set aside the award of the Industrial Accident Board, and if an insurer were permitted to set aside the award by the mere filing of a suit and then effectively to dismiss the suit so that the employee would be without remedy, an intolerable injustice would result. Texas Reciprocal Ins. Ass'n. v. Leger, supra. The statute has not been construed as a limitation upon the power of courts to prevent such an injustice. In the case last cited Justice Sharp wrote: "The law does not sanction such a principle, and such procedure would not be tolerated." In National Indemnity Underwriters v. Shelton, 115 S. W. (2d) 1140, Justice Murray observed, "It is clear that Article 2089 above does not apply in its broad sense to Workmen's Compensation cases."

■ It was held in Texas Employers Ins. Ass'n. v. Miller, 137 Texas 449, 154 S. W. (2d) 450, that a contract of settlement entered into by an employee and the insurer while the case was pending in the trial court was not binding upon the employee until approved by the court even though voluntarily entered into by him without the taint of fraud or other vice in its procurement. Had the employee in this case contracted with the insurer to settle his claim and cause a discontinuance to be entered on the docket, such contract would not have been binding upon him until approved by the court. Having the authority to disregard the contract, it follows that the court should not be denied the authority to set aside the order entered in pursuance thereof. To hold otherwise would be to hold that by the simple expedient of entering a discontinuance in vacation a contract of settlement could be made binding upon the employee without the court's approval.

The Court of Civil Appeals based its decision of this question primarily upon the ground that the employee was not bound by the unauthorized action of his attorney in causing the order of discontinuance to be entered. We have not discussed that question for the reason that ,in our view, same was not raised by the record. The parties stipulated that the employee

"entered a discontinuance thereof on the docket." Under that stipulation no question can arise as to the authority of the attorney to enter such discontinuance.

It is disclosed by the record that a fact issue was raised with reference to whether the total incapacity which the jury found that the employee suffered was temporary in its nature. The insurer objected to the charge on account of its failure to include such an issue and also prepared and requested the court to submit to the jury the following special issue:

"Do you find from a preponderance of the evidence that the total incapacity, if any, of the plaintiff is temporary? Answer 'Yes' or 'No'."

It is the claim of the employee that the court did not err in refusing to submit that special issue, because same was submitted in another form in special issue No. 9 of the court's charge. That issue was in this language:

"Issue No. 9. For what period of time, if any, of such total incapacity if any, do you find from a preponderance of the evidence was sustained by Richard Read from and after the beginning date, if any?

"Answer 'permanent' or answer by stating the number of weeks, if any, or answer 'None'."

To such issue the insurer timely filed the following written objections and exceptions:

"7.

"Defendant objects and excepts to Special Issue No. 9 because the same does not present any intelligible question to the jury and if by such inquiry it is intended to inquire as to the duraation of the total incapacity, if any, of the plaintiff, the issue should be so phrased that an answer thereto would carry some definite meaning upon which judgment could be based.

"8.

"Defendant objects and excepts to the instruction following special issue No. 9 and says that the same is suggestive and is on the weight of the evidence in that it suggests to the jury they should answer that such total incapacity is permanent." 3 We sustain the first objection and exception. We are unable to arrive at any conclusion as to the meaning of special issue No. 9. Of this it seems to us there can be no doubt, it was not

an affirmative and clear submission of the insurer's defensive issue. To our minds it submitted nothing. It is well settled that when the evidence raises an issue of temporary, total incapacity the insured is entitled to an independent submission of such issue to the jury. The question has been well discussed in recent opinions and we merely cite the leading authorities thereon without further discussion. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Texas 655, 106 S. W. (2d) 268; Wright v. Traders & General Ins. Co., 132 Texas 172, 123 S. W. (2d) 314; Southern Underwriters v. Wheeler, 132 Texas 350, 123 S. W. (2d) 340; Southern Underwriters v. Samanie, 137 Texas 531, 155 S. W. (2d) 359.

Since the issue will be submitted in a different form upon another trial, we need not decide the question of whether the instruction following issue No. 9 was subject to the objection that same was suggestive and was on the weight of the evidence. That question should not arise again.

For the error above pointed out, the judgments of the Court of Civil Appeals and the trial court will both be reversed and the cause remanded.

Opinion adopted by the Supreme Court February 4, 1942.