**MORTON et al. v. FEDERAL UNDERWRITERS EXCHANGE et al.**

No. 4156.

Court of Civil Appeals of Texas. Beaumont.

July 15, 1943.

**516**

Musslewhite & Fenley, of Lufkin, for relators.

Lightfoot, Robertson & Gano, of Fort Worth, for respondents.

COMBS, Justice.

This is an original proceeding wherein relators seek a writ of prohibition restraining respondents from prosecuting a suit to enjoin an execution issued by virtue of a judgment affirmed by this court in favor of relator Jim Morton.

Jim Morton, while in the employ of Nacogdoches County Lumber Company, received a personal injury. Thereafter he recovered judgment in the district court of Nacogdoches County against respondent, Federal Underwriters Exchange, compensation insurance carrier for the lumber company, in the amount of $5,153.57, one-third of which was awarded his attorneys, Musslewhite & Fenley. On appeal, that judgment was affirmed by this court. See Federal Underwriters Exchange v. Morton, Tex.Civ.App., 167 S.W.2d 267. Application for writ of error was denied by the Supreme Court, "Correct judgment," and the judgment of this court became final. Thereafter the Insurance Company paid to Musslewhite & Fenley their one-third of the judgment, which was accepted without prejudice to the rights of their client. It declined to pay Morton's two-thirds of the judgment on the ground that a settlement of his interest in the judgment had been effected with him. Facts pertaining to this purported settlement will be stated hereinafter. Attorneys for Morton caused execution to be issued out of the district court of Nacogdoches County and levied by the sheriff of Dallas County upon property belonging to respondent H. M. Oster, one of the sureties on the supersedeas bond of the insurance company. Thereupon the insurance company and its sureties filed suit in the 116th District Court of Dallas County, seeking a writ of injunction restraining enforcement of the execution.

The controlling point in this case is the contention of respondents that Morton's judgment has been settled and satisfied. So far as need be stated, the facts relating to the alleged settlement are as follows:

After the judgment was entered in Morton's favor and the case appealed to this court by the insurance company, and before the case was decided by this court, certain officials of Nacogdoches County Lumber Company obtained from Morton a signed agreement as follows:

"State of Texas,
"County of Nacogdoches

"Whereas, there is now pending in the Court of Civil Appeals at Beaumont Cause No. ———, styled Federal Underwriters Exchange vs. Jim Morton, said cause being on appeal from the District Court of Nacogdoches County, Texas, and

"Whereas, the Appellee in said cause, Jim Morton, has settled his entire right, claim and interest in said suit and desires to execute a full and complete release to the Appellant therein, Federal Underwriters Exchange, releasing the said Federal Underwriters Exchange from any and all further claims by virtue of said suit:

"Now, therefore, know all men by these presents that I, Jim Morton, of Nacogdoches County, Texas, for and in consideration of the sum of nine hundred and eighty six dollars and nine cents ($986.09), receipt whereof is hereby acknowledge and confessed, do hereby release and forever discharge the said Federal Underwriters Exchange from any and all claims, demands, actions or causes of action that have arisen as a result of an alleged injury sustained by me on August 19, 1940, and do hereby further release the said Federal Underwriters Exchange from any and all further claims by virtue of a certain judgment secured by me against the said Federal Underwriters Exchange in the District Court of Nacogdoches County, Texas, and deem the said judgment paid in full with regard to any and all right, title or interest that I may have in the proceeds of said judgment.

"In witness whereof, I have hereunto set my hand at Nacogdoches, Texas, this the 19th day of March, 1942, A.D.

"Jim Morton."

This agreement was acknowledged by Morton before a notary public. Morton alleges in his affidavit that he understood he was getting a loan from the lumber company against his judgment as security, and did not understand that what he signed was

a purported settlement. He can not read or write; he can barely sign his name. His attorneys knew nothing of the settlement prior to or at the time it was made. The purported settlement was not submitted to the court for approval. Instead, the case was briefed, argued and took its regular course through this court on its merits and the judgment was affirmed, as above stated. Relators, Jim Morton and his attorneys Musslewhite & Fenley, obtained leave to file this proceeding in the form of a petition for writ of prohibition, seeking to restrain the insurance company, its sureties, the district judge, and other court officials, from prosecuting the injunction suit in the district court of Dallas County, and from in any manner interfering with the enforcement and collection of the judgment by Jim Morton. This court granted a restraining order pending our decision on the merits of the petition.

## Opinion

██ There can be no question that we have the power to issue the writ of prohibition if the facts warrant it. The affirmance of the trial court's judgment in the original case (Federal Underwriter Exchange v. Morton, Tex.Civ.App., 167 S.W.2d 267) had the effect to make that judgment the judgment of this court. From which it follows that this court has power to secure to Morton by appropriate writ the enjoyment of the rights established by that judgment. Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087. This court has several times granted the writ of prohibition to secure to litigants rights established by its judgment. See Martin v. Preston, Tex.Civ.App., 73 S.W.2d 679; Toney v. Texas Standard Life Ins. Co., Tex.Civ.App., 74 S.W.2d 1119; Texas National Bank v. Zellers, Tex.Civ.App., 75 S. W.2d 890; Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex.Civ.App., 92 S.W.2d 493.

But respondents insist that the writ should not issue in this case for two reasons. They say, first, the Dallas County proceeding which seeks to stay enforcement of the execution issued on the original judgment does not constitute an interference with the judgment of this court; that it merely seeks to restrain collection of a judgment which has already been satisfied and discharged. Secondly, they say that in any event relators' petition raises certain controverted fact issues to the effect that Morton was misled and overreached in the purported settlement that he thought the money paid him was a loan, etc., which issues properly should be determined in the Dallas County proceeding and not in this court.

With reference to respondents' second contention, we deem it unnecessary to decide to what extent this court may properly enter into the determination of disputed fact issues in a proceeding of this kind. This for the reason that on the undisputed facts and as a matter of law the purported settlement was a nullity. This is so regardless of whether Morton was overreached or whether he entered into it with the full knowledge that it was a purported settlement of his judgment.

██ If the payment to Morton was represented to him to be only a loan as he alleges in his petition, and the purported settlement merely an assignment of his claim then pending in this court, the attempted assignment was void by force of the statute. Vernon's Ann.Civ.Stat. Art. 8306, Sec. 3. And if the agreement with Morton was an attempt at compromise and settlement of his claim, then it was a nullity because not approved by the court. Texas Employers Ins. Ass'n v. Miller, 137 Tex. 449, 154 S.W.2d 450 (affirming the judgment of this court, Texas Employers Insurance Ass'n v. Miller, Tex.Civ.App., 130 S. W.2d 893); Federal Underwriters Exchange v. Read, 138 Tex. 271, 158 S.W.2d 767.

Nor do we think it material that the attempted compromise or settlement occurred after the claim was reduced to judgment in the trial court. The case was still pending in this court. Certainly on these facts the holding of our Supreme Court in the Miller case is controlling. In so holding we do not mean to imply that we think the result would have been any different had the purported settlement been consummated after the judgment of this court became final; we simply deem it unnecessary to decide the point on the facts of the present case.

██ A workman's compensation insurance suit is not just another lawsuit which can be satisfied and settled between the parties in any manner they see fit. A large element of public interest is involved in our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The Act

**518**

and the interpretations placed upon it by our courts have surrounded compensation insurance claims with certain safeguards, with the obvious purpose of preventing the claimant from being overreached or improvidently "selling his birthright for a mess of pottage." Employers' Indemnity Corp. v. Woods, Tex.Com.App., 243 S.W. 1085, 1088. An important safeguard is the requirement that compromise settlements must be approved by the Industrial Accident Board or the court. The wisdom of that requirement is well illustrated in this case. Here an uneducated workman, totally incapacitated 'from his injuries and in serious need of funds, was caused to sign a settlement agreement compromising a judgment in his favor of more than $3,500 for $986.

In justice to counsel for the insurance company, we will here state that the purported settlement was negotiated by certain representatives of the lumber company. Attorneys for the insurance company had nothing to do with it and in fact knew nothing about it until the signed agreement was sent to them some days after it was executed. Upon receipt of it Judge Robertson, attorney for the insurance company, promptly called Mr. Musslewhite, attorney for Morton, and informed him of it. Mr. Musslewhite, upon conferring with his client, notified Judge Robertson that the purported settlement was not satisfactory and would not be recognized. It appears that in the present proceeding counsel find it necessary, because of certain matters pending between the insurance company and the lumber company, that they have the courts pass upon the validity of the purported settlement.

The filing and prosecution of the injunction suit in Dallas County by respondents is of course an interference with the enforcement of the judgment of this court. The right to enforce collection of the amount awarded him in this court is one of the valuable rights secured to Morton by the judgment. A judgment without the right of enforcement would be little better than no judgment.

The writ of prohibition will issue as prayed for.

O'QUINN, J., concurs.