**FELKER LUMBER COMPANY et al.,**
Appellants,

v.

**SUPERIOR INSURANCE COMPANY,**
Appellee.

No. 6745.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 23, 1954.

Rehearing Denied Nov. 4, 1954.

Carney, Carney & Mays, Atlanta, Salmon & Lovelace, Linden, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Fred K. Newberry, Dallas, for appellee.

HALL, Chief Justice.

This is an appeal from a summary judgment entered by the District Court of Cass County against appellant. The record discloses that one H. R. Foster, an alleged employee of M. L. Felker, Sr., and M. L. Felker, Jr., doing business as Felker Lumber Company, claimed accidental injury on September 19, 1949, while in the course of his employment with said Company.

On March 3, 1950, Foster sued the Felkers in a common-law action for damages, alleging that he was negligently injured while working at their sawmill. He also alleged that they had in their employ more than three employees but were not subscribers under the Workmen's Compensation Laws of the State of Texas, Vernon's Ann.Civ.St. art. 8306 et seq.

On September 6, 1950, M. L. Felker, Jr., filed a plea in abatement to the common-law action of Foster in which he alleged that he was the operator of the Felker Lumber Company, and on the date of Foster's alleged accidental injury was a subscriber under the Workmen's Compensation Laws of the State of Texas, carrying a policy with appellee. No action was had on this plea.

On September 18, 1950, M. L. Felker, Sr., filed his sworn affidavit that he was not a partner with his son, M. L. Felker, Jr., in the Felker Lumber Company and denied that Foster was his employee on the date of his alleged injury.

On October 9, 1950, both of the Felkers filed their answer to Foster's common-law action, subject to their plea in abatement and denial of partnership, containing numerous exceptions to plaintiff Foster's pleading, and stating that on the date of Foster's alleged injury the sawmill was covered with a workmen's compensation insurance policy issued by appellee. Appellants pleaded further: "In this connection, defendants further allege, that if the inception date of such policy shows some other date other than the 29th day of October, A.D. 1948, and an expiration date of some other date other than October 29th, 1949,

that then such dates as shown on said policy are mistakes, made by the Company." In the alternative, appellants alleged that Foster was guilty of contributory negligence causing his accident and that the accident was an unavoidable one.

On October 11, 1950, plaintiff Foster, in the alternative, joined the Superior Insurance Company, appellee, in his suit against the Felkers, his employers, and sought judgment against it as compensation carrier. To the above pleading the Insurance Company filed its plea in abatement, alleging that the Industrial Accident Board had not passed upon Foster's claim (this plea was not passed upon prior to the proceeding out of which this appeal arises). Subject to its plea in abatement, Superior Insurance Company filed its answer averring that on the date of Foster's alleged injury its policy covering Felker Lumber Company had lapsed and was not in force.

On October 20, 1950, Foster, plaintiff in the original suit, dismissed his common-law action against the Felkers, theretofore filed in Cass County District Court, leaving only his count against appellee Insurance Company, the alleged compensation carrier of the Felker Lumber Company.

On or about November 1, 1950, Foster having removed to the State of Louisiana, filed a common-law action, similar to that filed originally in Cass County District Court, against the Felkers in the U. S. District Court for the Eastern District of Texas at Jefferson.

On July 31, 1951, the following joint motion was filed in the U. S. District Court by Foster, plaintiff, and the Felkers, defendants:

"H. R. Foster, Plaintiff
vs.
Felker Lumber Company et al., Defendants — Civil No. 320.

"Agreement and Motion for Dismissal

"To Said Honorable Court:

"Having reached a satisfactory adjustment and settlement of all matters and things in controversy in the above case, the Plaintiff and the Defendants jointly move the Court that it dismiss this cause with prejudice to the right of the Plaintiff to ever institute or maintain the cause of action heretofore asserted in this suit; costs of the action to be taxed against the Defendants."

In response to this motion the following order was entered:

"Order of the Court

"This 31 day of July, A.D. 1951, the foregoing application having been considered and approved,

"Ordered, that the above cause be and it is dismissed with prejudice to the right of the Plaintiff to ever institute or maintain the cause of action asserted therein, costs to be taxed against Defendants, for which execution may issue.
"(s) T. Whitfield Davidson
United States District Judge."
"Filed July 31, 1951.

After Foster dismissed the common-law action in the Cass County District Court against the Felkers, as heretofore pointed out, his action for compensation against appellee Insurance Company remained on the docket of said court without any action being taken thereon until September 15, 1952. Appellants then instituted this suit by filing under the same number as the original suit brought by Foster against appellees, and as part of their petition alleged as a basis of the present cause of action that the original cause of action by Foster against the Insurance Company was still pending in Cass County District Court "and has been assigned to these plaintiffs" (appellants).

Reverting somewhat in time, the record shows that on February 25, 1950, Foster filed his claim for compensation with the Industrial Accident Board, and on March 7, 1950, the Board refused to take any action on his claim "for want of jurisdiction."

Appellants' first point is: "The trial court erred in granting a Motion for a

summary judgment herein, in finding that there was no Judicial Determination that Appellants (Felker) be required to pay H. R. Foster, their injured employee, $7,900.00 and that their claim was not based upon any legal ground."

■ The assignment by Foster of his claim for compensation against appellee forms the sole basis of appellants' action against appellee. No relation exists otherwise between them. It is undisputed that Foster had already received in a settlement in the Federal Court the sum of $7,900 for his injury and medical care. A summary judgment is authorized by Rule 166–A, T.R.C.P. only when there is no substantial dispute between the litigants. " 'The motion will be denied if it appears that a substantial fact dispute may exist, regardless of informalities or defects in the resisting party's papers.' " Kaufman v. Blackman, Tex. Civ.App., 239 S.W.2d 422, 428, citing Texas Law Review, page 438. See also Small v. Lang, Tex.Civ.App., 239 S.W.2d 441; and Mecom v. Thompson, Tex.Civ.App., 239 S.W.2d 847.

R.S. Article 8306, § 3, among other things, provides: "All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits and claims, and no such right of action and no such compensation and no part thereof or of either, shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void." This provision has been uniformly held to make void any assignment made by the insured as is shown in Mabry v. Aetna Casualty & Surety Co., Tex.Civ.App., 230 S.W.2d 572; Morton v. Federal Underwriters Exchange, Tex.Civ.App., 173 S.W.2d 515; English v. McCorkle, Tex.Civ.App., 157 S.W.2d 965. The conclusion seems inescapable to us that the assignment by Foster of his claim for compensation insurance to appellants is totally void and of no effect, and

that such fact affords ample support for the summary judgment rendered therein.

There is no statement of facts accompanying this record. We have been furnished a photostatic copy of notice that employer had become a subscriber under a policy issued by appellee, showing that the effective date of the policy was September 15, 1948, hour effective date, 12:01 A.M., and expiration date September 15, 1949. This is properly attested by the Industrial Accident Board and shows to have been signed by M. L. Felker, Jr. We also have a specimen policy filed with the Clerk of this Court which shows that the policy was in force from September 15, 1948, to September 15, 1949, 12:01 A.M. Standard Time. Should we be mistaken in our conclusion expressed above, we are of the opinion, from this undisputed meagre testimony before us, that on the date of Foster's alleged injury, to wit, September 19, 1949, the policy of insurance issued by appellee covering Felker Lumber Company had lapsed by four days. Hence there was no policy covering the employees of Felker Lumber Company on the date of Foster's alleged injury. Moreover, it is apparent to us that the Felkers who made the settlement with Foster in Federal Court at Jefferson had the legal right to abate the common-law action in Federal Court by merely filing in that Court a plea to the jurisdiction, setting up that they and the Felker Lumber Company were covered by compensation insurance.

It is our opinion, then, that no disputed issue of fact is shown in the record, or at least none is brought forward to this Court, and we must presume that whatever facts were brought in the trial court were insufficient to present an issue between the parties.

All other points brought forward have been examined and are overruled.

The judgment of the trial court is affirmed.