**Arlin PRESTON, Appellant,**

v.

**TRADERS & GENERAL INSURANCE COMPANY, Appellee.**

**No. 6271.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 22, 1959.

Rehearing Denied Dec. 2, 1959.

Ernest L. Sample, Beaumont, for appellant.

Gullett & Gullett, Denison, for appellee.

McNEILL, Justice.

The single question presented for answer in the agreed statement of the case before us is whether suit will lie for penalties and attorneys' fees, as well as maturity of payments, under Sec. 5a of Art. 8307, Vernon's Ann.Civ.St., by an employee who has recovered final judgment in a court of this state for injuries sustained by him under the Workmen's Compensation Act.

Appellant Arlin Preston recovered judgment against appellee for 25 percent partial permanent incapacity to his right hand. The facts thereof are set out in the opinion of the Texarkana Court of Civil Appeals reported at 309 S.W.2d 872. Writ was refused, N.R.E. The judgment of the Court of Civil Appeals became final on July 10, 1958, and mandate by that court was duly issued upon said judgment to the district court of Grayson County. No past due installment upon the judgment so rendered having been paid appellant, and without requesting the issuance of execution on his judgment out of the Grayson County Court, he instituted on August 8, 1958, the present suit for acceleration of all weekly payments under said judgment, penalties and attorney's fee in the district court of Jefferson County against appellee asserting right to do so under Sec. 5a of Art. 8307. This suit alleged the recovery in his behalf of said judgment which required that it be paid in weekly installments at the rate of $16.88, commencing June 23, 1956 and continuing at that rate for a period of 150 weeks; that

appellee has paid nothing on said final judgment and that at least 110 weekly installments had accrued at the time of the filing of this suit.

Appellee filed pleas in abatement and to the jurisdiction, praying that the suit be dismissed and asserting that this suit did not lie under Sec. 5a, and was an attempt to relitigate the action settled in the Grayson County Court. At a hearing thereof the trial court sustained these pleas and the cause is now before us to determine whether his action was erroneous.

This is a case of first impression in this state, although Sec. 5a of Art. 8307 has existed in its present form since 1917. Our original Workmen's Compensation Act was enacted in 1913 but the legislature in 1917, Ch. 103, General Laws of the 35th Leg., in addition to amplifying Sec. 5 of part II of the original Act, added Sec. 5a. This section reads:

"Sec. 5a. In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

"Where the board has made an award against an association requiring the payment to an injured employe or his beneficiaries of any weekly or monthly payments, under the terms of this law,

and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employe or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit. Acts 1917, p. 269."

The first paragraph of this section provides if "the association shall fail and refuse to obey or comply with the same (final order, ruling or decision of the Board) and shall fail or refuse to bring suit to set the same aside as in said Sec. 5 is provided" suit may be brought in a court of competent jurisdiction where the injury occurred to enforce such order, ruling or decision of the Board and the one prosecuting the suit shall be entitled to recover the sum of 12 per cent as damages upon the amount of compensation recovered in the judgment, together with a reasonable attorney's fee.

The second paragraph of this section was placed therein in order to cover awards of the Board providing for weekly or monthly payments, part or all of which had not matured. This would indicate that the first paragraph was to apply to awards that had wholly matured. Since under the second paragraph the award is in installments, before an association may be put in default thereunder it shall first "fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature." Thus where an insurance carrier shall fail "to continue" to make payments this paragraph authorizes the institution of a suit to "mature the entire claim", together with 12 per cent penalties, interest

and attorney's fees thereon, and this suit may be instituted either in the county where the accident occurred or where one or more of the claimants may reside at the time of the filing of the suit. The use of the term "claim" in the phrase "mature the entire claim" clearly indicates that the employee's right had not ripened into a final court judgment. His right then is much more than a "claim". It is argued by appellant that although this section uses the word "board" only with reference to the "final order, ruling or decision" that the Board in this case should be construed to include the "court"; since execution upon the final judgment obtained by him in the above case would have to issue out of the district clerk's office of Grayson County and he resides at a considerable distance therefrom in Jefferson County, that this is placing an undue burden on him and the insurance company should not be allowed to ignore the judgment against it but should be penalized for failure to comply promptly with its terms. It is true, as asserted by appellant, that certain sections of our Workmen's Compensation Act have been construed to apply to the court where the claim had been appealed, although only the word "Board" is used. This is so under Sec. 12 of Art. 8307, which provides that no installment of a claim shall be binding until approved by the Board. It was held Sec. 12 applies to a court where the cause of action is in suit. Texas Employers Ins. Ass'n v. Miller, Tex.Com.App., 137 Tex. 449, 154 S.W.2d 450. Also, under Sec. 4 of Art. 8307 it is provided that the Board may order a physical examination under certain circumstances of an employee that had been held to apply after the claim has been asserted in court. Texas Employers' Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112.

There are, however, other sections of the Act which apply solely to proceedings before the Board. Sec. 12b of Art. 8306 relates to hernias. The Supreme Court held in Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180, that when a hernia case reaches the court, the rights of the parties have already become fixed by the events previously transpiring and the court has no power to order an operation even if the employee testifies he is willing to submit to one. Sec. 12e providing for surgical service in other cases carries the same construction. American General Ins. Co. v. Quinn, Tex.Civ.App., 277 S.W.2d 223. In Great American Indem. Co. v. Kingsbery, Tex.Civ.App., 201 S.W.2d 611, the implication is that Sec. 7 of Art. 8306 providing for additional medical expense allowance is applicable only to the Board.

■ We think from the above cases that no general pattern may be seen as to the applicability of the term "Board" as including the court on resort to litigation, but the intent of each section is to be ascertained. We are of the opinion that the intent of Section 5a makes the language applicable only to a final order, ruling or decision of the Board. The rights in this section are made expressly contingent upon the failure or refusal of the association to bring suit to set the award aside. It was early realized that since the Industrial Accident Board had no authority to enforce its ruling or decree that some effective remedy should be given the employee to obtain prompt collection of an award made by the Board. Hence the enactment of this section. Of course, a court is not so hampered in this respect; execution may issue as often as may be necessary to collect a final judgment. In addition to the well-recognized expeditious remedy of execution—the end and fruit of the law, 33 C.J.S. Executions § 1, p. 133—which was not unsought by appellant, the supplemental remedy for prompt payment against insurance companies is conferred by Art. 21.36 of the Insurance Code, V.A.T.S. This article provides that if the insurance company against which an execution is issued shall not, within 30 days after notice of the issuance thereof, pay off such execution, its authority to transact business shall be revoked, etc., until said execution is satisfied. While the following cases are not directly in point their holdings are persuasive of our position. Federal Underwriters Ex-

change v. Read, Tex.Com.App., 138 Tex. 271, 158 S.W.2d 767; Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322; McClure v. Georgia Casualty Co., Tex. Com.App., 251 S.W. 800.

The judgment of the trial court is affirmed.