**HARDWARE MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Shadie C. CLARK, Appellee.**

No. 4046.

Court of Civil Appeals of Texas.

Waco.

Oct. 4, 1962.

Rehearing Denied Oct. 25, 1962.

used in section 5 of article 8307, R.C.S. 1925, mean the same thing." Maryland Cas. Co. v. Jones, 129 Tex. 392, 104 S.W.2d 847, 849; Jasper v. Liberty Mut. Ins. Co., Tex. Civ.App., 119 S.W.2d 386, 387, writ ref.; Ocean Acc. & Guar. Corp. v. May, Tex. Com.App., 15 S.W.2d 594, 597.

Harold A. Muller, Dallas, for appellant.

William F. Billings, Dallas, for appellee.

WILSON, Justice.

The workmen's compensation carrier appeals from judgment in the employee's action to mature the award of the Industrial Accident Board under Art. 8307, Sec. 5, Vernon's Ann.Tex.Stat. Judgment was for the amount of the award, penalty and attorney's fees.

The carrier timely filed a suit to set aside the award July 6, 1961. Thirteen days later the employee answered by general denial only, filing no cross-action for compensation benefits. On August 11, twenty-three days after the employee's answer was filed, the carrier dismissed its suit with prejudice. Notice of dismissal was given to employee's attorney five days thereafter. The employee did not seek to appeal from the award, or to have the action reinstated. Five months after dismissal this suit to mature the award was instituted.

Appellant's position is that when it filed its suit to set aside the award and the employee appeared, the award of the Industrial Accident Board was vacated, and could not be matured. Appellee argues that by dismissing its suit the carrier failed to institute and *prosecute* the same as required by Art. 8307, Sec. 5.

■ When the carrier filed the suit and the employee entered his appearance, there "was nothing further" for it "to do in the way of prosecuting its claim." This "is all that is necessary to comply with the statute" for "the provision, 'institute and prosecute,' and the words 'bring suit,' as

■ When the appeal from the award reached this status the award of the Board was "vacated and was no longer in force," and the court having acquired jurisdiction, "the burden of obtaining judgment for compensation in the court where the case is pending rests upon the claimant." Zurich Gen. Acc. & Liab. Ins. Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674, 676; Texas Reciprocal Ins. Ass'n. v. Leger, 128 Tex. 319, 97 S.W.2d 677, 678.

■ Appellee says "all matters were put in issue" by the general denial, under Rule 92, Texas Rules of Civil Procedure. It does not put in issue a claim for affirmative relief on which the employee has the burden. 45 Tex.Jur. p. 796. See Booth v. Texas Employers' Ins. Ass'n., 132 Tex. 237, 123 S.W.2d 322, 330.

This case does not present a dismissal such as is proscribed in the Leger case, above, and Federal Underwriters Exchange v. Read, 138 Tex. 271, 158 S.W.2d 767, 769. It was said in those opinions that the insurer would not be permitted to effectively vacate the award by dismissing after "the mere filing of a suit" in court to set aside the award "before that court has acquired jurisdiction of the parties and subject-matter, and before an opportunity is given to all parties concerned to assert their rights therein." Here the court had been vested with jurisdiction, and appellee was afforded an opportunity to file a cross-action.

■ Appellee urges he was entitled to wait until "any time before trial on the merits" to assert his claim, and dismissal without advance notice to him prevented his exercise of this right. To adopt the

contention would be to hold that by filing a general denial claimant could indefinitely preclude a voluntary dismissal by the carrier without subjecting itself to the hazard of having the award matured with the ensuing penalties. In this case, when appellant's suit was dismissed there existed no award which could be matured.

Reversed and rendered.