**Mary S. GUTIERREZ, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 5516.**

Court of Civil Appeals of Texas, Waco.

Dec. 4, 1975.

Law Offices of Gilbert Prud'Homme, Elvis G. Schulze, Austin, for appellant.

Clark, Thomas, Winters & Shapiro, E. Barham Bratton, Austin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment rescinding an order of reinstatement of a compensation case.

On March 4, 1975 the Industrial Accident Board made final awards of $5,603.98 and $1,175.78 to Mary S. Gutierrez, Claimant (and appellant here).

On March 21, 1975 and March 25, 1975 the Carrier (appellee here) filed suits in 200th District Court appealing such awards. By March 28, 1975 Claimant Gutierrez had been served in both cases.

On April 3, 1975 Claimant filed her Original Answer in both cases, consisting of a general denial and seeking such other and further relief to which she could show herself entitled. Also on April 3, 1975 Claim-

ant filed motion to consolidate the two causes; and on April 9, 1975 paid jury fees in both cases, and such cases were set for trial for May 19, 1975.

On April 11, 1975 (two days after the time had run for Claimant to file her own lawsuits), the Carrier filed its motion for nonsuits in both cases, and on the same day, April 11, 1975 the trial court granted such motions and dismissed both cases.

On April 17, 1975 Claimant filed motions in both cases to reinstate such cases. On the same day April 17, 1975 the trial court entered orders reinstating both cases. On April 17, 1975, after such cases were reinstated on the docket of the court, claimant filed cross-actions for affirmative relief in both cases. On June 2, 1975 the trial court (acting through a different Judge) entered judgment "rescinding" the April 17, 1975 "orders of reinstatement".

Appellant Gutierrez appeals on one point contending the trial court erred and abused its discretion in "Rescinding the Orders to Reinstate".

The two cases have been consolidated upon joint motion of the parties.

■ When appeal from the award of the Board was perfected, the award of the Board was "vacated and is no longer in force", and "the burden of obtaining judgment for compensation in the court . . rests upon the claimant." *Zurich General Accident & Liability Ins. Co. v. Rodgers*, 123 Tex. 313, 97 S.W.2d 674; *Texas Reciprocal Ins. Ass'n v. Leger*, 128 Tex. 319, 97 S.W.2d 677.

■ And claimant's general denial did not put in issue her claim for affirmative relief, a cross-action being necessary.

*Hardware Mutual Cas. Co. v. Clark* (Waco, Tex.Civ.App., er. dismd.), 360 S.W.2d 921.

The carrier here contends it had an absolute right to a nonsuit under Rule 164 TRCP.

The carrier's nonsuit was granted on April 11, 1975, without notice to claimant. As soon as claimant learned of such order, April 17, 1975, claimant filed motion to reinstate the cause, vacate the order of dismissal and continue the cases on the docket. These motions were granted by the trial court on the same date April 17, 1975.

■ The trial court had jurisdiction to reinstate the cases, and under the facts the trial court was authorized to vacate the dismissals and reinstate the causes. *Federal Underwriters Exchange v. Read*, 138 Tex. 271, 158 S.W.2d 767; Rule 329b par. 5, TRCP.

■ And on the same date April 17, 1975 while such causes were pending on the docket of the trial court, claimant filed her cross-actions for affirmative relief.

Thereafter on June 2, 1975 the trial court entered judgments in the two cases rescinding the orders of reinstatement. He entered such judgments while claimant's cross-actions for affirmative relief were pending. We think the trial court not only abused its discretion in so doing, but did something it was not permitted to do. Rule 164 TRCP.

Appellant (claimant's) point is sustained. The judgments of the trial court are reversed and the consolidated causes are remanded for trial on claimant's cross-actions.

Reversed and remanded.