A. W. JAMES, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 17682.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 16, 1976.

Rehearing Denied Feb. 13, 1976.

Johnson, Bailey, Bailey & Balch and H. Deloyd Bailey, Wichita Falls, for appellant.

Brown, Herman, Scott, Dean & Miles, and Grant Liser, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Under his Claim No. L–088385–N1 A. W. James prosecuted his claim before the Industrial Accident Board of Texas for benefits under the Texas Workmen's Compensation Act. His claim was against Texas Employers Insurance Association, hereinafter termed the insurance company. The claim was predicated upon injuries alleged to have been sustained June 14, 1973 while an employee of Boaz Well Service Company.

January 14, 1975 the Board entered an award granting Mr. James benefits totaling $6,189.30. The insurance company served its notice of dissatisfaction and intent to appeal the award, and did file suit to set the same aside on January 27, 1975. Claimant A. W. James filed answer consisting of a general denial, with nothing plead by way of cross-action for compensation benefits.

Thereafter the following interesting events followed, all in 1975:

February 6, Non-Suit by insurance company pursuant to Rule 164.

February 17, notation on face of docket of trial court, without identity of maker shown, reciting that the insurance company had taken Non-Suit pursuant to provisions of Rule 164.

February 18, Cross-Action for compensation benefits filed by A. W. James.

March 4, Insurance company's Plea to the Jurisdiction filed to the Cross-Action, with its answer filed subject thereto.

March 21, Motion to Reinstate case on the court's docket filed by claimant A. W. James.

March 27, pursuant to hearing held by the court, notation on the court's docket that Motion to Reinstate case was denied.

April 10, Order denying Motion to Reinstate signed by the court and filed with the clerk. (This was the only instrument in the case signed by the court.)

April 14, Notice of Appeal filed by claimant A. W. James.

Thereafter appeal by A. W. James, the claimant, was timely perfected, and in due course heard in this Court.

We reverse the action of the trial court, and remand the cause for trial on the merits of his claim for compensation.

■ When there has been an appeal to a court of competent jurisdiction from the award of the Industrial Accident Board in a Texas Workmen's Compensation case, after an answer of any kind has been filed by the defendant the court shall be deemed to have acquired jurisdiction of the parties involved and of the issues involved in the claim presented to the Board. This means that for purpose of the continuity of jurisdiction thus acquired by the court that the court has jurisdiction of the claim or cause of action of the party who was claiming compensation before the Board, whether presented by his written pleadings or not.

■ This rule has application when the appeal is by the insurer as plaintiff, and when the claimant, as the defendant, has not yet filed his cross-action for compensation benefits. In such state of the record there is continuity of jurisdiction until opportunity has been afforded the claimant to advance his claim by cross-action, and in the instant case claimant's cross-action instrument has been filed.

The trial *de novo* provided by V.A.T.S. Art. 8307, Sec. 5, "Determination of questions; suit to set aside final ruling and decision; revocation of association's license", is of the issues involved in the award of the Industrial Accident Board. Ordinarily in such *de novo* trial the necessity would be to hear anew the evidence upon such issues, with probative effect thereof determined.

■ Once the claimant has plead anything on an appeal from the Board's award the court's jurisdiction attaches and persists though his case be dismissed and a period greater than 30 days expire without his application to the court for its reinstatement. The court in the exercise of its discretion may thereafter grant reinstatement and try the case. *Federal Underwriters Exchange v. Read*, 138 Tex. 271, 158 S.W.2d 767 (1942).

In addition to *Read* additional authoritative statements supporting the statements hereinabove made are to be found in the following authorities: *Texas Reciprocal Ins. Ass'n v. Leger*, 128 Tex. 319, 97 S.W.2d 677 (1936); *Zurich General Accident & Liability Ins. Co. v. Rodgers*, 128 Tex. 313, 97 S.W.2d 674 (1936); *Jasper v. Liberty Mut. Ins. Co.*, 119 S.W.2d 386 (El Paso, Tex.Civ.App., 1938, error refused). See also 5 C.J.S. Appeal and Error § 1524 (Trial de Novo)—Nature p. 988; and 42A Words and Phrases, "Trial de Novo". The case of *Hardware Mutual Casualty Company v. Clark*, 360 S.W.2d 921 (Waco, Tex.Civ.App., 1962, writ dism.), relied on by the insurance company, is inapplicable. It was a suit to mature the award of the Board, not a suit on appeal from an award of the Board. Nature of such a case is inconsistent with an appeal operative to vacate and annul the Board's award.

In *National Indemnity Underwriters v. Shelton*, 115 S.W.2d 1140 (San Antonio, Tex.Civ.App., 1938, no writ history) the question of jurisdiction was before that court under factual situation substantially identical to that presently before us. In the San Antonio case all the claimant had before the trial court was his general denial, etc., to the petition of the insurance company which had appealed from an award of the Industrial Accident Board. (There claimant's earlier cross-filed action had been dismissed at his own request; it had been to have the insurance company placed in receivership and not for any right to workmen's compensation and obviously wholly inappropriate to the proceeding.) The insurance company then had notation entered on the docket to the effect that as plaintiff in the cause it had dismissed its case with all costs paid pursuant to provision of V.A.T.S. Art. 2089. The article has been repealed but was made T.R.C.P. 162, "Discontinuance in Vacation", in identical language. The authority thereby provided is for the plaintiff to make entry of discontinuance on the court's docket. More than 30 days after the dismissal in *Shelton* the court held its hearing on the claimant's motion to annul the dismissal and expunge the docket entry thereof. The court denied the motion, but granted claimant leave to amend his pleadings and therein seek proper affirmative relief upon the same issues which had been before the Board on his claim for compensation. The court overruled the insurance company's plea to the jurisdiction based upon the claimant's action dismissing his cross-action, plus his delay in seeking reinstatement of the case.

In such circumstances the San Antonio Court held that the jurisdiction of the trial court had persisted despite the docket entry. Indicated by the opinion, though not a holding necessary to the appeal, was that there had been no abuse of discretion in permitting the claimant to plead and try his case on proper issues under the Texas Workmen's Compensation Act.

Here we have the same situation as that presented to the San Antonio Court except there the trial court had granted leave to plead, without considering any necessity of reinstatement of the case as one to be tried; here the trial court denied reinstatement of the case and, impliedly, admission of the

**690**

claimant's pleadings as a valid cross-action. We do not consider that the insurance company's act in taking its non-suit by T.R.C.P. 164, "Non-Suit", rather than by T.R.C.P. 162, "Discontinuance in Vacation" to amount to more than a distinction without a difference.

There is no question but that the trial court's action was on the theory that it had lost jurisdiction due to the expiration of more than 30 days after both February 6 and February 17. By the authorities we may know that the jurisdiction of the trial court had not been lost and that leave could have been granted to the claimant to proceed on his cause of action. Application of the law to the facts and circumstances compel the holding that the failure to do so constituted an abuse of discretion.

■■ Appropriate to the circumstances here would be the statement made by Associate Justice Sharp in *Texas Reciprocal Ins. Ass'n v. Leger*, 128 Tex. 319, 97 S.W.2d 677, 679 (1936), as follows:

"It is not permissible for a party against whom an award has been rendered by the Industrial Accident Board to defeat the purpose of the law by appealing to a court of competent jurisdiction, and then, before that court has acquired jurisdiction of the parties and subject-matter, and before an opportunity is given to all parties concerned to assert their rights therein, dismiss the suit, abrogate the award, and destroy the interests of the parties involved in the award appealed from. The law does not sanction such a principle, and such procedure would not be tolerated." In other words we deem the same thing to be true when the court has acquired jurisdiction of the parties and subject matter.

Judgment is reversed, with cause remanded to the trial court for a trial on the merits.