Argued May 6, disallowed June 3, 1965

# RICHARDSON-MERRELL, INC. *v.* MAIN

402 P. 2d 746

*Edwin J. Peterson,* Portland, argued the cause for

plaintiff. With him on the brief were G. W. Kellington, Medford, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*William V. Deatherage,* Medford, argued the cause for defendant. On the brief were Frohnmayer, Lowry & Deatherage, Medford.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Denecke, Holman and Lusk, Justices.

LUSK, J.

This is an original proceeding in mandamus.

The plaintiff, Richardson-Merrell, Inc., is the defendant in an action pending in the Circuit Court for Jackson County, brought by Mary Lucas to recover damages for personal injury alleged to have been caused by the use of a prescriptive drug manufactured by the plaintiff corporation. The defendant is The Honorable James Main, one of the judges of such court.

The principal question for decision is whether, under existing legislation, a party to an action or suit may take the deposition of a witness in another state on oral interrogatories.

As shown in the pleadings and a stipulation of facts, Mary Lucas desires to take the deposition of Dr. Harold W. Werner, a "Vice-President and officer" of Wm. S. Merrell Division of plaintiff corporation which has an office located in Cincinnati, Ohio. Dr. Werner resides in Westchester, Butler County, Ohio.

On January 6, 1965, counsel for Mary Lucas served on counsel for the plaintiff a notice in writing that they would take the deposition on oral interrogatories

of Dr. Werner as an adverse witness at 9:30 a.m., Thursday, January 21, 1965, in the law offices of McCaslin, Imbus & McCaslin, 1102 Gwynne Building, Cincinnati, Ohio, before Glenn R. Hagan, a notary public of the State of Ohio. On the same day Mary Lucas filed a motion in the circut court for the issuance of a commission to Glenn R. Hagan to take such deposition. On January 7, 1965, plaintiff filed a motion in the circuit court to quash the notice theretofore given it. On January 10, 1965, Mary Lucas filed a motion for an order requiring the plaintiff to produce Dr. Werner at the time and place stated in her notice for the purpose of having his deposition taken.

Judge Main thereafter entered orders directing the issuance of a commission① as requested by Mary Lucas, allowing the motion for the production of the witness, and denying plaintiff's motion to quash the notice of taking deposition. Plaintiff then sought an alternative writ of mandamus from this court to compel the defendant to allow the motion to quash. Because an important question of procedure is involved and the remedy at law is inadequate, we took jurisdiction and issued the alternative writ.

■ Before the enactment of Oregon Laws 1955, ch 611, out-of-state depositions could be taken only on written interrogatories—in most cases a cumbersome and extremely unsatisfactory procedure for getting the facts from a witness, particularly an adverse or a hostile witness. A central purpose of the 1955 Act

---

① The order for the issuance of a commission may be disregarded. So far as the record discloses no commission has issued, and there is nothing to show that Mary Lucas intends to proceed by that mode, which requires the use of written interrogatories unless the adverse party consents to an oral examination.

was to change the law in that regard. The first three sections of the Act read:

Sec. 1 (ORS 45.151): "In addition to the cases otherwise provided by law, the testimony of any person, witness or party, in or out of this state, may be taken by deposition in an action at law or suit in equity at any time after the service of the summons or the appearance of the defendant, and in a special proceeding at any time after a question of fact has arisen."

Sec. 2 (ORS 45.161): "Such deposition shall be taken before a person authorized to administer oaths in the place where such deposition is taken on giving reasonable notice in writing to every other party to the action, suit or proceeding. The notice shall state the time and place for the taking of the deposition and the name and address of each person to be examined, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs."

Sec. 3 (ORS 45.171): "Any party may attend the examination and examine the witness upon oral interrogatories; or in lieu of participating in the oral examination any party served with notice of taking a deposition may transmit written interrogatories to the officer who shall propound them to the witness and record the answers verbatim. The deposition shall be written by the officer taking it, or by the witness, or by some disinterested person, in the presence and under the direction of the officer. When completed, it shall be read to or by the witness and subscribed by him. Before subscribing it, the witness shall be allowed, if he desires, to correct or explain any statement in the deposition, but the statement, although corrected and explained, shall remain a part of the deposition."

We think these provisions mean that depositions of witnesses, whether in this or another state, may be

taken either on written or oral interrogatories. The intention of the legislature was to bring Oregon procedural law into line with the modern and, in the opinion of many, including this Court, better view of the value of discovery in litigation, as exemplified in particular by the Federal Rules of Civil Procedure. It is apparent, indeed, that the Federal Rules relating to discovery and depositions served as the model for the Oregon Act.[2]

Chapter 611 was not an amendment, but an original act designed to set up a new procedure for taking depositions on notice. According to the plaintiff's contention, nothing was accomplished by section 1 of the Act other than to bring together in one section former ORS 45.210, which fixed the event after which the testimony of a witness may be taken by deposition within the state, and former ORS 45.310, a similar provision regarding a deposition taken out of the state. This was the only reason, it is claimed, for mentioning out-of-state depositions. The argument proceeds that the sections following section 1— eleven in number, excluding section 13, a repealing clause—merely "set forth the method of taking a deposition of a person other than upon a commission," and no substantial change has been made in the statutes dealing with out-of-state depositions. The argument is sought to be supported by pointing to the retention in the statutes of certain provisions governing out-of-state depositions. These will be later referred to.

---

[2] See Federal Rules of Civil Procedure: 26 (a); 30 (a); 30 (c) and (e); 30 (b); 30 (d); 37 (d), 26 (a), and 45 (d) (1); 30 (g) (1) and (2); 30 (e) and 30 (f); 30 (f) (1); 26 (d) (1), (2) and (3); 26 (d) (4); 26 (d) (4); and 32 (c). The rules cited may be found in 28 USCA.

Plaintiff's contentions will not stand the test of analysis.

■ Section 2 of the Act (ORS 45.161) provides for taking a deposition on notice to the other parties to the action, suit or proceeding. It reads: *"Such* deposition shall be taken before a person authorized to administer oaths," etc. (Italics added.) The word "such," as defined in the dictionaries and in numerous adjudicated cases, refers to something which has been mentioned before. Thus it is said in *The People ex rel Miller v. Mobile & Ohio R. R. Co.,* 374 Ill 376, 383, 29 NE2d 604, 607:

> "The word 'such' is defined as 'of the sort previously indicated or contextually implied; before mentioned, previously characterized or specified; of the same kind or class as something mentioned.' "

What was "before mentioned" in this instance was the deposition "of any person, witness or party, *in or out of this state"*. (Italics added.) "Such deposition" could have referred to nothing else. To limit section 2 to depositions within the state would be to rewrite the section.

Section 3 (ORS 45.171) contains the language upon which this controversy centers, as it provides for the use of oral interrogatories. It says: "Any party may attend the examination and examine the witness upon oral interrogatories; * * *." It also prescribes the duty of "the officer" taking the deposition. It would seem to be laboring the obvious to say that "any party" refers to the parties mentioned in section 2 and that the examination and the witness and the officer taking the deposition are none other than those mentioned or described in section 2.

Thus we have the first three sections of the act

tied together. They provide the procedure for taking on notice the depositions of witnesses in or out of the state with the right to examine the witnesses upon oral interrogatories.

Section 4 (ORS 45.325) emphasizes the correctness of this construction. It reads:

> "Any party may also take the deposition of any person, witness or party *in this state* on written interrogatories attached to a commission, the same as provided for in ORS 45.330 and 45.340, but when such deposition is taken on written interrogatories no party shall be represented by counsel at the time of taking such deposition." (Italics added.)

This section was formerly ORS 45.220 (2) and appeared in ORS under the title "Taking Depositions in the State." It now appears in ORS under the title "Taking Depositions Upon Commission or Before Commissioner;" but it was not put there by the legislature, but by the Oregon Legislative Counsel pursuant to statutory authority: ORS 173.160. ORS 45.220 (2) was repealed by the 1955 Act (§ 13) and subsection (2) thereof was re-enacted as section 4, chapter 611, Oregon Laws 1955. It is a specific provision governing depositions "in this state." If all the remaining provisions of the Act, except section 1, dealt only with depositions within the state, as counsel for plaintiff contend, there would have been no reason for inserting the words "in this state" in section 4.

Provisions for taking depositions out of the state have been in effect since 1862. See Deady, General Laws of Oregon, § 806 et seq., p 350. They are now compiled as ORS 45.320–45.370. Under these sections a deposition of a witness out of the state may be taken either upon a commission issued from the court or, without commission, before a commissioner appointed

by the governor of this state pursuant to ORS 194.210.[9] The deposition may be taken only on written interrogatories annexed to the commission, when one is issued, unless the parties agree that the examination may be without written interrogatories: ORS 45.340. When the deposition is given before a commissioner appointed by the governor, oral interrogatories may be used unless either party objects within the time and in the manner stated in the statute: ORS 45.370.

■ None of the sections to which we have specifically referred was expressly repealed by the 1955 Act, and the plaintiff argues that they are inconsistent with that Act if it is construed to give the right to a party to take an out-of-state deposition on oral interrogatories; and, as repeals by implication are not favored, the inconsistency should be resolved by holding that the 1955 Act does not grant that right. We agree that the sections in question were not repealed, but we think that there is no irreconcilable inconsistency between them and the 1955 Act, because the latter deals entirely (except for one section)[10] with depositions taken upon notice to the adverse party, while the former deal entirely with depositions taken upon a commission issued by the court or before a com-

---

[9] ORS 194.210: "The Governor may appoint as many commissioners in each of the other states, or in a territory of the United States, or in the District of Columbia, as he may deem expedient. The commissioners shall hold their offices for four years. They may, within the state, territory or district for which they are appointed, and not otherwise, take and certify:

"* * * * *

"(3) An affidavit or deposition to be used in any court of justice or before any judicial officer of this state.

"* * * * *"

[10] The exception is section 4 of the 1955 Act, ORS 45.325, which, as heretofore explained, has to do with depositions within the state on written interrogatories attached to a commission.

missioner appointed by the governor. The intention
of the legislature to provide by the 1955 Act for the
taking of out-of-state depositions on oral interroga-
tories is so clearly manifested that the court is under
a duty to give that intention effect unless a contrary
course were absolutely compelled by other provisions
of the statute. We find no such compulsion here.

Another question remains to be discussed.
Plaintiff contends that the attendance of the witness
Harold W. Werner can only be secured by subpoena.
Dr. Werner, according to the stipulation of the parties,
is a principal officer of the petitioner corporation.
Section 6 of the 1955 Act, ORS 45.190, reads:

> "If a party, or an officer or managing agent
> of a party, wilfully fails to appear before the
> officer who is to take his deposition after being
> served with a proper notice, the court in which
> the action, suit or proceeding is pending, on motion
> and notice, may, within the limitations required
> by due process, strike all or any part of any
> pleading of that party or dismiss the action or
> proceeding or any part thereof. Attendance of
> any witness at the taking of a deposition may be
> compelled by subpena issued, served and enforced
> as provided in ORS chapter 44. Such process,
> however, is subject to the provisions of ORS
> 45.181."

The first sentence of the foregoing section is taken
from Rule 37 (d) of the Federal Rules of Civil Pro-
cedure, though there are some matters in the Federal
Rule that are not included in ORS 45.190. The Federal
courts construe the Federal Rule to mean what it
says. They hold that it is not necessary to issue a
subpoena in order to secure the attendance of a party
or officer or managing agent of a party for the taking
of his deposition, after a proper notice has been

served, and that the penalty for willful failure to comply with the notice is as stated in the statute: *Rubin v. General Tire & Rubber Co.,* 18 FRD 51 (DC SD NY); *Producers Releasing Corp. v. PRC Pictures,* 8 FRD 254 (DC SD NY), modified on another ground, 176 F2d 93 (2d Cir. 1949); *Dictograph Products v. Kentworth Corporation,* 7 FRD 543 (DC WD Ky); *French v. Zalstem-Zalessky et al,* 1 FRD 240 (DC SD NY).

In *State ex rel S. P. Co. v. Duncan,* 230 Or 179, 368 P2d 733, 98 ALR2d 617, we recognized the power of the court under ORS 45.190 to compel a corporation, defendant in an action, to produce an officer or managing agent for the taking of his deposition, but held that the statute was not applicable because the witnesses sought to be examined—the engineer and conductor of a railroad train—were neither officers nor managing agents of the railroad company. In that case we considered highly persuasive the decisions of the Federal Courts construing Federal Rule 37 (d). Upon the present question we agree with the Federal decisions. The plaintiff argues that the second sentence of ORS 45.190 indicates that the legislature intended that a subpoena be served on a managing agent of a corporation. In view of the plain language of the first sentence of that section, we can see nothing in the provision that attendance of "any witness" may be compelled by subpoena which would justify such an interpretation.

The 1955 Act facilitates the use of the deposition as a means of discovery; at the same time, however, by section 5 (ORS 45.181),[9] it has invested the court

---

[9] ORS 45.181: "After notice is served for taking a deposition upon motion seasonably made by any party or by the person

with broad powers to control litigants and prevent hardship and protect a party or witness from annoyance, embarrassment or oppression.

The plaintiff is not entitled to the remedy which it seeks and a peremptory writ is disallowed.

---

to be examined and upon notice and for good cause shown, the court in which the action, suit or proceeding is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place or time other than that stated in the notice, or that it may be taken only on written interrogatories or by oral examination, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that secret processes, developments or research need not be disclosed, or, to prevent hardship, that the party requesting the deposition pay to the other party or parties who attend the taking of the deposition reasonable expenses or attorney's fees, or both; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression."