John D. LOWERY, Petitioner,

v.

TRANSPORT INSURANCE CO., Respondent.

No. 11740.

Court of Civil Appeals of Texas,
Austin.

March 4, 1970.

Byrd, Davis, Eisenberg & Clark, Jack C. Eisenberg, Austin, for petitioner.

McKay & Avery, Michael A. Wash, Austin, for respondent.

PHILLIPS, Chief Justice.

Petitioner-claimant was awarded certain compensation benefits by the Industrial Accident Board. Respondent-Insurance Company gave timely notice of its dissatisfaction with the award and within twenty days after notice filed suit in the district court. Thereafter, respondent took a nonsuit and his case was dismissed. Petitioner was never served.

Subsequent to dismissal of the original appeal petitioner filed a general denial and a cross action. This response was then dismissed on petitioner's motion; however, by a subsequent court order, the order of dismissal was set aside and an attempt was made to reinstate the cross action. Appeal to this Court was by writ of error, no

further action having been taken with respect to the trial court.

Petitioner is before us on three points of error, briefed together, which are: In a workmen's compensation case, the trial court did not have the authority to grant respondent a voluntary nonsuit and dismissal at a time when no service of citation had been accomplished on petitioner, and thereby cut off any award made by the Industrial Accident Board without giving petitioner an opportunity to answer and cross-act; that such granting of a voluntary dismissal and nonsuit was an abuse of discretion on the part of the trial court; that respondent was without authority to present a motion for voluntary nonsuit without having the petitioner served and giving him an opportunity to answer and cross-act.

We sustain these points.

■  This case is controlled by an opinion of the Supreme Court in Texas Reciprocal Insurance Association v. Leger, 128 Tex. 319, 97 S.W.2d 677 (1936) wherein the Court stated:

"It is not permissible for a party against whom an award has been rendered by the Industrial Accident Board to defeat the purpose of the law by appealing to a court of competent jurisdiction, and then, before that court has acquired jurisdiction of the parties and subject-matter, and before an opportunity is given to all parties concerned to assert their rights therein, dismiss the suit, abrogate the award, and destroy the interests of the parties involved in the award appealed from. The law does not sanction such a principle, and such procedure would not be tolerated." 97 S.W.2d at 679.

In this respect also see National Indemnity Underwriters v. Shelton, 115 S.W. 2d 1140 (Tex.Civ.App., San Antonio, 1938,

no writ); Federal Underwriters Exchange v. Read, 138 Tex. 271, 158 S.W.2d 767 (1942).

■  The law must be thus in workmen's compensation cases inasmuch as The Workmen's Compensation Act, Vernon's Ann. Tex.Rev.Civ.Stat.Ann. art. 8307, Sec. 5, and the cases hold that an appeal from an action of the Industrial Accident Board to the district court nullifies the award of the Board upon the filing of the suit. Travelers Insurance Co. v. Fox, 364 S.W.2d 859 (Tex.Civ.App., Fort Worth, 1963, writ ref'd, n. r. e.); Travelers Ins. Co. v. Molinar, 331 S.W.2d 503 (Tex.Civ.App., Amarillo, 1959, writ ref'd n. r. e.); T.E.I.A. v. Nitcholas, 328 S.W.2d 338 (Tex.Civ.App., Dallas, 1959, no writ).

■  Consequently, we must overrule respondent's counterpoint to the effect that since no service was had on petitioner, the jurisdiction of the district court never attached thus leaving the award of the Board intact.

■  We must also overrule respondent's counterpoint to the effect that since petitioner has a cross action on file, the appeal is from an interlocutory order, is not an appeal from a final judgment, and must be dismissed.[1]  Respondent dismissed its suit on July 24, 1969. Without being served and without knowing that a nonsuit and dismissal had been taken by respondent, petitioner filed a general denial together with a cross action on August 4, 1969. Respondent was duly served with citation on the cross action and filed an answer. On September 24, 1969, petitioner filed a motion and order for dismissal; however, within thirty days filed a motion to reinstate the cross action which was granted. When the cross-action was filed, respondent's suit had already been dismissed. The cross action itself cannot be considered an appeal from the award of the Board as it was filed more than forty

---

1.  Citing: Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W. 2d 377 (Tex.1941); Nichols v. Omega Amusement Company, 391 S.W.2d 754 (Tex.Civ.App., Dallas, 1965, no writ).

days after the ruling of the Board on April 24, 1969. Art. 8307, Sec. 5, V.A.C.S. It follows that the dismissal of respondent's appeal, if effective, was a final judgment since it deprived the court of jurisdiction to proceed to judgment on the cross action filed by petitioner.

We order respondent's appeal to the court reinstated in order to permit petitioner to prosecute his claim. Respondent states in its brief that it has already paid petitioner a lump sum in the amount awarded by the Board discounted to present value. This is a matter to be considered in a trial on the merits.

The judgment of the trial court is reversed and respondent's appeal ordered reinstated.