In the Matter of the ESTATE of Hattie DE LESCAILLE, Deceased.

DAVENPORT BANK & TRUST COMPANY, Trustee under the Will of Hattie De Lescaille, Deceased, Appellee,

v.

Raymond DE LESCAILLE, Jr., Appellee, William R. Stafford et al., Appellants.

Raymond DE LESCAILLE, Jr., Appellee,

v.

DAVENPORT BANK & TRUST COMPANY, Trustee under Paragraph VI of the Will of Hattie De Lescaille, Deceased, Appellee, William R. Stafford et al., Appellants.

No. 54476.

Supreme Court of Iowa.

June 17, 1971.

McCracken & Carlin and Clemens R. Werner, Davenport, and Oppenheimer, Hodgson, Brown, Wolff & Leach, Saint Paul, Minn., for appellants.

Cook, Blair, Balluff & Nagle, Davenport, for appellee Trustee.

Doerr, Dower & Rehling, Davenport, for appellee Raymond De Lescaille, Jr.

UHLENHOPP, Justice.

This appeal involves the interpretation of provisions of a trust in a will.

The essential facts are these. The trust was created in Paragraph VI of the will of Hattie De Lescaille, whom we will call testatrix. The trustee is a bank.

Testatrix died a widow on April 27, 1930, survived by four children—Victor, Raymond, Mary, and Jules. Victor suffered severe disabilities and died in 1937 unmarried. Raymond, twice married, had poor health and died in 1939. His first marriage (and divorce) occurred before the events in question and his first wife and children by her are not involved here. His second wife, Florriebell, is still alive. Raymond and Florriebell had two children, Hattie Virginia, born in 1925, and Raymond, Jr., born in 1939.

Mary died a widow in 1961, survived by children, and Jules died in 1938, survived by a widow and children.

In 1929 testatrix made her will, which was admitted to probate after her death. Paragraph I directs payment of debts. Paragraph II bequeaths her furniture to her four children and another individual. Paragraph III makes cash bequests not involved here. Paragraph IV grants her daughter, Mary, the right to buy her home, the price to be considered part of Mary's share in the estate.

Then come the more relevant paragraphs. Paragraph V devises one-fourth of testatrix' estate to the trustee for Jules, testatrix' youngest child, upon the terms and conditions that the trustee pay the income to Jules at intervals and pay him the principal in three installments when he attains the ages of 30, 35, and 40. This devise contains no conditions or gifts over. It is only relevant to our inquiry as bearing on testatrix' intent as manifested within the four corners of the will.

Paragraph VI, the one in contest, relates to Raymond and his branch of the family. We will return to this paragraph in due course.

Paragraph VII of the will devises one-fourth of testatrix' estate to the trustee with directions to pay such portion of the income as needed to Victor, testatrix' oldest child. The paragraph recites that Victor has disabilities and that the trustee may invade the corpus of the one-fourth for his welfare. This paragraph closes, "Upon the death of my said son, I direct that the balance remaining in said trust be distributed as provided in Paragraph IX of this Will [the residuary clause]."

Paragraph VIII devises one-fourth of testatrix' estate outright to Mary, testatrix' only daughter, subject to Paragraph IV regarding the price of testatrix' house being part of Mary's share. This devise contains no conditions or gifts over.

Paragraph IX gives "any balance in any trust fund" or "any residue or balance remaining undisposed of in my estate" to Mary and Jules outright. The paragraph then states that if Mary or Jules predeceases testatrix, the share of such predeceasing child shall go to the child's heirs upon the terms and conditions that the trustee shall pay the income at intervals to such heirs and the principal in three installments at the heirs' respective ages of 30, 35, and 40 and further that if such an heir dies leaving a husband, wife, or issue surviving, such husband, wife, or issue shall take the share of the deceased heir.

Paragraph X of the will contains directions to the trustee regarding investments. The will ends with appointment of trustee and executor.

We return to Paragraph VI pertaining to Raymond, Florriebell, and that branch. The paragraph devises one-fourth of testatrix' estate to the trustee for Raymond, testatrix' second child, upon the terms and conditions that the trustee pay the income to Raymond at intervals for life. The par-

agraph recites that Raymond has physical infirmities and authorizes the trustee to invade the corpus of the one-fourth for Raymond's welfare.

The paragraph then states that after Raymond dies, the trustee shall pay the income from the one-fourth to Florriebell for life and authorizes the trustee to invade the corpus for her welfare. No other provisions for payment of the principal to Raymond or to Florriebell are stated.

The paragraph concludes with these clauses:

Upon the death of Florriebell De-Lescaille, I direct that this share of my estate shall be divided equally between the children born to my said son, Raymond DeLescaille and Florriebelle De-Lescaille upon the following terms and conditions:

I direct that my said trustee shall make payment of the income to the children who are beneficiaries under this trust at such periods not to exceed one year and in such amounts as, in its judgment, may be for their best interests. When a beneficiary shall arrive at the age of thirty years, I direct that one-third of the principal of his or her share shall be turned over to such beneficiary, and when a beneficiary shall arrive at the age of thirty-five years, I direct that another one-third of the principal of his or her share shall be turned over to such beneficiary, and the remaining one-third interest, when the beneficiary shall arrive at the age of forty years.

In the event that any of the beneficiaries under this trust shall die leaving a husband or wife or issue then surviving, I direct that such husband, wife or issue shall inherit the share which the deceased beneficiary would have inherited had he or she survived, in equal shares.

*In the absence of issue, I direct that such share shall be distributed as directed in Paragraph IX of this Will.* (Italics added.)

Presumably Paragraph VI was carried out in Raymond's favor during the nine years he survived testatrix. Presumably, too, the paragraph has been carried out in Florriebell's favor since Raymond's death and will be carried out for her till her demise.

Hattie Virginia, older child of Raymond and Florriebell, did not marry or have children and died in 1967. Raymond, Jr., their younger child, is still alive.

A question has arisen as to whether the share of Hattie Virginia, as child of Raymond and Florriebell, goes into the residuum or goes to Raymond, Jr. The trial court held it goes to Raymond, Jr. The other interested members of the family appeal.

█ Our task, of course, is to ascertain testatrix' intent. A testator's intention, the polestar in reading a will, is ascertained from the language of the entire will, the scheme of distribution, and the circumstances surrounding the testator when he made the will. In re Estate of Lamp, 172 N.W.2d 254 (Iowa). We think that upon application of the principle just stated, testatrix' intention is quite manifest.

Upon the death of Florriebell, the one-fourth interest in the estate is to be divided equally between "the children" of Raymond and Florriebell. But testatrix does not stop there. The gift is "upon the following terms and conditions," which testatrix proceeds to lay down in succeeding clauses.

The terms and conditions first relate to division of the one-fourth between Raymond and Florriebell's children themselves. These terms and conditions cannot be carried out as to Hattie Virginia, as she predeceased Florriebell.

The terms and conditions first relate to distribution of "the share" of a child of Raymond and Florriebell who does not live long enough to receive such share. The share goes to the child's surviving husband,

wife, or issue. Hattie Virginia had no husband or issue.

The terms and conditions last relate to absence of issue: "In the absence of issue, I direct that *such share* shall be distributed as directed in Paragraph IX of this Will." (Italics added.)

Raymond, Jr. contends that the clause just quoted does not refer to the clause preceding it, but goes back to the third preceding clause relating to Raymond and Florriebell—that testatrix meant, "In the absence of issue of Raymond and Florriebell, this one-fourth interest in the estate shall be distributed as directed in Paragraph IX of this Will."

We cannot accept that reading of the will for several reasons. The flow of the clauses indicates that the last clause relates to the one just preceding it. Testatrix has been dealing with the probelm of a child's not living long enough to receive a share. In the last clause she continues with that problem. Had testatrix intended to change her subject and switch back to Raymond and Florriebell, likely she would have started the last clause something like this: "In the absence of issue *of Raymond and Florriebell,* I direct," etc.

■ Our view is buttressed by specific language in the will. In the clause immediately preceding the last one, testatrix uses the word "share"—"shall inherit the share which the deceased beneficiary would have inherited." Then in the last clause, testatrix uses the words "such share"—"I direct that such share," etc. The word "such" ordinarily refers back to the last antecedent. United States v. Legg, 157 F.2d 990, 992 (4th Cir.) ("such" is "a descriptive and relative word *referring to the last antecedent*"—italics added); see also Estate of Wallace, 98 Cal.App.2d 285, 219 P.2d 910. Had testatrix intended to shift from a share of a child of Raymond and Florriebell to the entire one-fourth interest in the estate covered by the third preceding clause, she probably would have so indicated. Moreover, in the last two clauses testatrix uses the word "issue," tending to show those clauses go together. The third preceding clause pertaining to those who follow Raymond and Florriebell does not contain the word issue; the word "children" is employed.

Raymond, Jr. argues that the last two clauses, read together, are in conflict—the last clause refers to "issue" only while the immediately preceding clause refers to "husband or wife or issue." Hattie Virginia had neither husband nor issue, so no conflict in fact occurs in her case. Moreover, the same conflict might well be argued to exist under the interpretation of the will urged by Raymond, Jr. In any event, we think the conflict, if it is a conflict, insufficient to overcome the stream of thought which runs through the last three clauses containing the terms and conditions.

■ We conclude that the words "absence of issue" in the last clause refer to absence of issue of a child of Raymond and Florriebell. Had testatrix desired, she could, of course, have stated that the share of a deceased child of Raymond and Florriebell should go to their other child or children rather than into the residuum, but that is not what testatrix said. E. g., Dowd v. Scally, 184 N.W. 340 (Iowa) ("Should one of my said children die without lawful issue before my said wife's death then and in such case the survivors of my said children shall upon my said wife's death become the owner in fee simple of said real estate.").

The result is that the one-fourth interest in the estate involved in Paragraph VI is distributable thus:

First, the income (and corpus as needed) to Raymond for life. This has been carried out.

Second, the income (and corpus as needed) to Florriebell for life. This is being carried out.

Third, the income and corpus to Hattie Virginia and Raymond, Jr. in equal shares

under the language, "divided equally between the children born to my said son, Raymond DeLescaille and Florriebell DeLescaille." Dowd v. Scally, 184 N.W. 340 (Iowa). But these two shares are subject to the last three clauses of terms and conditions. Hence the share of Hattie Virginia goes into the residuum and the share of Raymond, Jr. awaits future events.

Reversed.

All Justices concur except LeGRAND, J., who takes no part.