Ethel B. TURNER, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 8708.

Court of Civil Appeals of Texas, Texarkana.

Oct. 30, 1979.

Harry B. Friedman, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellant.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

CORNELIUS, Chief Justice.

This is a worker's compensation case in which the trial court rendered summary judgment for the insurance carrier on the ground that the undisputed summary judgment proof established that the claimant did not file her claim with the Industrial Accident Board within the time required by law.

On January 2, 1974, Mrs. Turner sustained an injury to her back while in the course and scope of her employment with Day & Zimmermann, Inc. She was off work for a few days but returned on January 14 and continued to work until February 28, 1975, when she voluntarily left her employment. On October 1, 1975, she filed her claim for worker's compensation with the Industrial Accident Board. She was dissatisfied with the award she received from the Industrial Accident Board and filed this suit to set it aside. Her original petition alleged that she had filed her claim for compensation with the Industrial Accident Board within six months of her injury as required by the worker's compensation act, Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a. The insurance carrier, Liberty Mutual, answered the suit with only a general denial. Mrs. Turner thereafter filed her second amended petition which again alleged that she had filed her claim for compensation within six months of her injury, and also alleged in the alternative that, if the claim had not been timely filed, she had good cause for failing to do so. The insurance company then moved for summary judg-ment on the ground that the undisputed summary judgment proof showed that Mrs. Turner's claim was not timely filed, and that she did not have good cause for late filing. Mrs. Turner answered the motion and attached her affidavit which asserted that she had good cause for failing to file her claim within six months because she had a good faith belief, based upon advice from her physician, that her injury was not severe, and that she filed her claim as soon as she discovered that it was in fact disabling. The trial judge granted the motion for summary judgment.

■■■■ Mrs. Turner's second point of error argues that the trial court improperly rendered summary judgment because the insurance carrier failed to file a sworn denial of her allegation that she filed her claim within six months, or in the alternative, had good cause for failing to do so, and therefore under Rule 93(n), Tex.R.Civ.P., such allegation is conclusively presumed to be true. The point will be sustained.

Tex.R.Civ.P. 93(n) provides in part as follows:

"In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

(1) Notice of injury.

(2) Claim for compensation.

.    .    .    .    .

(7) That there was good cause for not filing claim with the Industrial Accident Board within the six months' period provided by statute."

Liberty Mutual attempts to escape the consequences of Rule 93(n) by asserting that because Mrs. Turner did not object to the lack of a verified denial of her allegation that she timely filed her claim or had good cause for failing to do so, the defect was waived under the provisions of Tex.R.Civ.P.

90.[1] The point is not well taken. Had there been a pleading by Liberty Mutual that Mrs. Turner failed to timely file her claim for compensation, and had that pleading been unverified, then Mrs. Turner would have had to except to the failure to verify the pleading or the defect would have been waived under Rule 90. *Gallegos v. Millers Mutual Fire Ins. Co.*, 550 S.W.2d 350 (Tex.Civ.App. El Paso 1977, no writ). But here there was no affirmative plea raising the defense at all, and there was no "defect" to point out as required by Rule 90. Consequently, the allegations of timely filing and good cause were conclusively presumed to be true under the provisions of Rule 93(n), and summary judgment was not proper. *Baca v. Transport Ins. Co.*, 538 S.W.2d 814 (Tex.Civ.App. El Paso 1976, writ ref'd n. r. e.).

The judgment is reversed and the cause is remanded for trial.

---

1. "General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."