**Ben J. WEINBERG, Appellant,**

v.

**AMERICAN GENERAL FIRE AND CASUALTY COMPANY, Appellee.**

No. 8953.

Court of Appeals of Texas, Texarkana.

Nov. 10, 1981.

Rehearing Denied Dec. 15, 1981.

Paul L. Smith, Eberstein, Morris, Smith & Kinder, Dallas, for appellant.

Royal H. Brin, Jr., P. Michael Jung, Strasburger & Price, Dallas, for appellee.

HUTCHINSON, Justice.

This is a worker's compensation case in which the trial court rendered summary judgment for the insurance carrier on the ground that the appeal of the appellant, Ben J. Weinberg, from the Industrial Accident Board was not timely filed in the district court.

Appellant filed his petition in the district court on August 17, 1978, against the appellee, American General Fire and Casualty Company, as the carrier of a policy of worker's compensation insurance for his employer, Bogart Industries, alleging that he had sustained an injury to his back while in the course and scope of his employment on December 26, 1975. Service of process on the appellee was not had until June 20, 1979. In response to this service, only a general denial was filed.

Appellant in his petition alleged that within thirty (30) days after his injury proper notice was given; that within six (6) months after his injury he filed his claim for worker's compensation with the Industrial Accident Board; that the Industrial Accident Board thereafter made a final ruling and award on his claim; that within twenty (20) days he filed written notice with the Industrial Accident Board of his intent to appeal and that within twenty (20) days after such notice he filed this suit.

After the filing of its general denial, appellee filed its motion for summary judgment asserting that appellant's suit was not timely filed. In the motion, appellee states that the Industrial Accident Board entered its final award on July 12, 1978; that the Industrial Accident Board received a Notice of Intention to Appeal from the appellant's attorney on July 19, 1978; and that suit was filed in the district court on August 17, 1978, some 29 days after the filing of the Notice of Intention to Appeal the award.

Appellant's single point of error is an assertion that the appeal from the Industrial Accident Board was properly perfected. Appellee responds by contending that the motion for summary judgment was correctly granted because the suit in the district court was not timely filed and prosecuted. Neither party in the trial court or here has referred to the failure of the appellee to file a verified pleading denying the appellant's allegations of timely notice to the Board and the timely filing of the suit as required by Rule 93 of the Texas Rules of Civil Procedure [1] and Article 8307b of the Texas

---

1. Rule 93 of the Texas Rules of Civil Procedure provides in pertinent part:

Revised Civil Statutes Annotated (Vernon 1967). The appellee's answer consisted of only an unsworn general denial. Thus the trial court should have accepted appellant's allegations of timely notice and filing as being true, *Southern Underwriters v. Tullos*, 136 Tex. 408, 151 S.W.2d 789 (1941); *Turner v. Liberty Mutual Insurance Co.*, 592 S.W.2d 14 (Tex.Civ.App.-Texarkana 1979, no writ); *Perez v. Consolidated Underwriters*, 206 S.W.2d 162 (Tex.Civ.App.-Austin 1947, writ ref'd n.r.e.); and then conclusively presumed that the suit was filed in time. Appellee by failing to deny appellant's allegations with verified pleadings waived its then right to object to any untimeliness of appellant's notice and suit and such right could not then be asserted in its motion for a summary judgment.

The cause is reversed and remanded.

" . . .

(n) In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

(4) Notice of intention not to abide by the award of the Board.

(5) Filing of suit to set aside the award.

Any such denial may be made in original or amended pleadings; . . ."