**Don L. GREEN, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and the City of Midland, Texas, Appellees.**

**No. 08–84–00017–CV.**

Court of Appeals of Texas, El Paso.

Sept. 5, 1984.

Rehearing Denied Oct. 10, 1984.

Christopher McCormack, Midland, for appellant.

Joe M. Nuessle, City Atty., City of Midland, David Reagan, First Asst. City Atty., Midland, Bill Kimbrough, Asst. Atty. Gen., Austin, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

Don L. Green appeals the trial court's order dismissing his claim for unemployment compensation benefits which was not filed within ten days of the Texas Employment Commission's final decision. Under the terms of Article 5539d, Tex.Rev.Civ. Stat., we hold the petition was timely filed and we reverse and remand.

The facts in this case are undisputed. The controlling dates are:

| May 19, 1983 | TEC final decision |
| May 29, 1983 | Sunday |
| May 30, 1983 | Memorial Day |
| May 31, 1983 | Petition filed |

Article 5221b-4(i), Tex.Rev.Civ.Stat., requires that appeals from the decision of the Texas Employment Commission be filed in a court of competent jurisdiction "[w]ithin ten (10) days after the decision of the Commission has become final." In this case, the tenth and final day for filing the petition in county court was a Sunday, the next day was a legal state holiday under Article 4591, Tex.Rev.Civ.Stat., and the suit was filed on the twelfth day. The trial court granted motions to dismiss because of failure to file within ten days. By a single point of error, the Appellant contends the petition was timely filed under the provisions of Article 5539d, Tex.Rev.Civ.Stat., and Rule 4, Tex.R.Civ.P.

■ We have concluded that Rule 4 may not be used to enlarge the statutory time limit for appeal from the administrative proceeding before the Texas Employment Commission. *Rayburn v. State,* 163 Tex. 450, 356 S.W.2d 774 (1962). Also, under Rule 2, Tex.R.Civ.P., the rules of civil procedure do not apply to prior special statutory proceedings which differ from the rules.

The Appellees argue that the ten-day period is a jurisdictional requirement and unless the statutory requirement is strictly complied with, the court has no jurisdiction to hear the case. Certainly that is the holding in *Lambeth v. Texas Unemployment Compensation Commission,* 362 S.W.2d 205 (Tex.Civ.App.—Waco 1962, writ ref'd) which was followed in *Texas Employment Commission v. Riddick,* 485

S.W.2d 849 (Tex.Civ.App.—Texarkana 1972, no writ). Following those cases would result in an affirmance of the order of dismissal.

The Appellant argues that the ten-day period for filing the appeal in the trial court is a general statute of limitations and as such the filing period is extended by Article 5539d which provides:

> If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to the next day that the offices of the county are open for business.

■ In *Ealey v. Insurance Company of North America,* 660 S.W.2d 50 (Tex.1983), the court considered the provision in the Worker's Compensation Act which requires that appeals from the Industrial Accident Board be filed in the trial court within twenty days after filing of a Notice of Intention to Appeal. The court said:

> The requirements of article 8307, section 5 that appeals from Board decisions must be filed within twenty days of giving notice of intention to appeal is a general statute of limitations.

But, Article 5539d does not apply in Worker's Compensation cases because the act itself has its own provision extending filing deadlines when the last day is a legal holiday or Sunday. Article 8307, sec. 5b; *Johnson v. Texas Employers Insurance Association,* 674 S.W.2d 761 (Tex.1984.)

■ There is no similar provision in the act providing for unemployment compensation. Article 5221b–1 et seq. Thus, it would appear that the legislature intended for the provisions of this general statute, Article 5539d, to apply so as to permit the filing in this case on the first day after the ninth day which was neither a Saturday, Sunday or holiday. Under this construction, the pleading was timely filed. Point of Error No. One is sustained.

The judgment of the trial court is reversed and the case is remanded for trial.