Manuel LECHUGA, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 07–89–0243–CV.

Court of Appeals of Texas, Amarillo.

April 25, 1990.

Rehearing Overruled June 26, 1990.

O'Shea, Hall, Hart & Forcum, Kevin C. Hart, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Manuel Lechuga brings this appeal from a summary judgment in his workers' compensation suit granted by the

140th District Court in Lubbock County, Texas, in favor of appellee Texas Employers' Insurance Association. In one point, appellant argues the trial court erred in its decision to grant the motion for summary judgment. We affirm the trial court judgment.

In his petition, appellant alleged that on or about January 13, 1985, while working for Petersburgh (sic) Co-op Gin, appellant was taking samples from the presser when it shut down on him, crushing and severing his left arm and hand which resulted in his total incapacity. On February 8, 1988, the Industrial Accident Board (the Board), in its final award, found that appellant's average weekly wage produced a compensation rate of $122.58 and ordered appellee to pay appellant that amount per week for 150 consecutive weeks for total loss of use of the hand. The Board received appellant's Notice of Intention to Appeal the Award on February 16, 1988, and received appellee's notice of such intention on February 26, 1988.

Appellant filed his Original Petition on March 11, 1988, to set aside the Board's award. In this petition he alleged, inter alia, that his suit was filed within twenty (20) days from the service of appellant's written notice of appeal pursuant to article 8307, section 5 of the Texas Revised Civil Statutes Annotated (Vernon 1967). In its First Amended Original Answer, appellee alleged that appellant's suit was not timely filed within twenty (20) days from the date appellant's notice was served upon the Board thus depriving the trial court of jurisdiction to consider the suit. The answer was verified by the affidavit of appellee's attorney which was based upon "information and belief."

On January 13, 1989, appellee filed its "Motion for Summary Judgment Under First Amended Original Answer" arguing the trial court was without jurisdiction to consider the suit because appellant's original petition was not timely filed. Attached to the motion, and incorporated in it by reference, were certified copies of appellant's petition and of the administrative file of the Industrial Accident Board regarding appellant's claim for workers' compensation benefits. By amended order dated May 16, 1989, the trial court granted its summary judgment and dismissed the case with prejudice.

Under his point, appellant presents a two-pronged argument. First, he says that appellee failed to preserve the question whether his petition was timely filed because of the improper verification of appellee's first amended original answer. Second, and in the alternative, if this court holds the question of timely filing was preserved, he argues that since his suit was filed within twenty days from the time that appellee filed its notice of intention to appeal, that sufficiently complies with the statutory requirements.

It is now axiomatic that a summary judgment is sustainable only if the movant has conclusively established that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Trial and appellate courts must resolve all doubts about the existence of a genuine issue as to a material fact against the movant. The evidence must be viewed in a light most favorable to the non-movant, conflicts in the evidence are ignored, and the evidence which tends to support the position of the non-movant is accepted as true. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965); Tex.R.Civ.P. 166a.

It is also axiomatic that in the absence of a properly verified denial, it is conclusively presumed that a suit such as this was filed in "legal time and manner." *Baca v. Transport Ins. Co.*, 538 S.W.2d 814, 815 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r. e.); *National Auto. & Cas. Ins. Co. v. Layman*, 248 S.W.2d 993, 1000 (Tex.Civ. App.—Austin 1952, no writ); *See also* Tex. R.Civ.P. 93(13); Tex.Rev.Civ.Stat.Ann. art. 8307b (Vernon 1967).

■ Appellee's verification consisted of an affidavit by its attorney which was "based on information and belief." Generally, a verification upon information and belief is insufficient. *Huddleston v. Western Nat. Bank*, 577 S.W.2d 778, 781 (Tex.

Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Indeed, Texas Rule of Civil Procedure 93(13)[1], provides that only a denial of a notice of injury or that there was good cause for not filing a claim with the Board within the one year period provided by statute may be made on information and belief. Therefore, appellant concludes, the denial was improperly verified.

Pointing to the provision of Rule 93 that a verified pleading is not necessary to raise the issue of jurisdiction as to the timeliness of appellant's suit where such lack of jurisdiction otherwise appears of record, appellee contends in the instant case, the truth of the matters asserted in its First Amended Original Answer appears of record. The basis of that contention is that a certified copy of the Industrial Accident Board's entire file on appellant was attached to, and incorporated in, its motion for summary judgment. Appellee also attached a certified copy of appellant's original petition to that instrument.

■ We must determine, then, if these documents were proper summary judgment evidence, and, if so, whether they show the trial court's lack of jurisdiction of this suit. Rule 166a(e) provides:

Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Attached to the copy of the Board's file was a sworn certification by the Secretary of the Board, Scott McAnally. Our Supreme Court has held that copies of documents which are attached to a properly prepared affidavit are sworn copies within the meaning of the rule. *Republic Nat. Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex.1983). The copy of appellant's original petition was also certified by the District Clerk of Lubbock County. Therefore, both of these documents were proper summary judgment evidence. Since the Board's file shows that appellant's Notice of Intention to Appeal the

Award was received on February 16, 1988, and the copy of his original petition was filed on March 11, 1988, the question as to the timeliness of the filing of appellant's petition appeared "of record," and appellee's pleading did not need to be verified to preserve that question.

■ Having made that decision, it now becomes necessary for us to decide if appellant correctly claims that he was entitled to use the date of appellee's notice of intent, rather than the earlier date of his notice, in computing the twenty day time frame within which his petition must have been filed. Parenthetically, it is well established that both the giving of a proper notice of appeal and a timely filing of suit are necessary before a trial court acquires jurisdiction to determine a claimant's appeal such as this.

Appellant admits the lack of any decisional authority directly addressing the question. However, he points to the decisions in cases such as *James v. Texas Employers' Insurance Association*, 532 S.W.2d 686 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.) and *Lowery v. Transport Insurance Co.*, 451 S.W.2d 595 (Tex.Civ.App.—Austin 1970, no writ), as being sufficiently analogous to support his position. We disagree.

The relevant principle expressed in those cases is that once there has been an appeal from a decision of the Industrial Accident Board to a court of competent jurisdiction, after an answer of any kind has been filed, the court is deemed to have acquired jurisdiction of the parties and the issues involved. Its ability to determine those issues, then, cannot be defeated by a non-suit or dismissal on the part of the appealing party prior to the filing of a definite answer by the non-appealing party stating that party's claim. That type of situation is not analogous to the one before us; the application of that principle presupposes the jurisdictional prerequisite of a timely filing of such a suit.

---

1. Any further references to particular rule numbers will be to the Texas Rules of Civil Procedure.

The governing statute, Texas Revised Civil Statute Annotated article 8307, section 5 (Vernon 1967), in relevant part provides:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall *within twenty days after giving such notice bring suit* .... (Emphasis added).

In construing the statute as it is, we must find the legislative intent in its language, and not elsewhere, giving effect to all of its terms. Moreover, where the legislature did not specifically define the statutory terms it used, we must give them the meaning in which they are ordinarily understood. *Amarillo Nat. Bank v. Terry,* 658 S.W.2d 702, 704 (Tex.App.—Amarillo 1983, no writ).

Our examination of the statute leads us to conclude that by the use of the term "such notice", in such close juxtaposition to its reference to an interested party not willing to abide by the Board's award, the legislature intended suit by a party must be filed within twenty days from the notice given by that party. It is noteworthy that the statute does not provide for the filing of suit within twenty days from the filing of "a" or "any" notice, but rather uses the more restrictive term "such" notice.

Our conviction that this is correct is strengthened by the commonly accepted definitions of the word "such". In Black's Law Dictionary (5th ed. 1979), it is defined as:

Of that kind, having particular quality or character specified. Identical with, being the same as what has been mentioned. Alike, similar, of the like kind. "Such" represents the object as already particularized in terms which are not mentioned, and is a descriptive and relative word, referring to the last antecedent.

In Funk & Wagnalls Standard Dictionary (1980), it is defined as:

1. Of that kind; of the same or like kind: such people, shirts such as these. 2. Being the same as what has been indicated: There are no such things.

In *Warner Elevator Manuf'g Co. v. Houston,* 28 S.W. 405, 408 (Tex.Civ.App. 1894), *rev'd on other grounds,* 88 Tex. 489, 30 S.W. 437 (Tex.1895), the court said:

'Such' refers to what has been specified, and means 'the same as has been mentioned.'

*See also Coker v. Texas Alcoholic Beverage Commission,* 524 S.W.2d 570, 574 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r. e.); *In re Estate of De Lescaille,* 187 N.W.2d 741, 744 (Iowa 1971); *Richardson–Merrell, Inc. v. Main,* 240 Or. 533, 402 P.2d 746, 748 (1965); and *In re Wallace's Estate,* 98 Cal.App.2d 285, 219 P.2d 910, 913 (1950).

Therefore, we conclude that the summary judgment record establishes appellant's suit was not timely filed, and thus, the trial court had no jurisdiction to entertain appellant's appeal from the Board action. That being the case, we must overrule appellant's point of error and affirm the judgment of the trial court.

## ON MOTION FOR REHEARING

In his motion for rehearing, appellant Manuel Lechuga argues we erred in (1) holding that the summary judgment evidence in support of appellee's motion for summary judgment established proof in the record that appellant's petition was not timely filed, and (2) failing to consider the applicability of Texas Revised Civil Statutes Annotated art. 8307b (Vernon 1967).

In his first point, appellant challenges our holding that the Rule 93 "of record" exception applies to summary judgment proceedings. Pointing out that Rule 93 is a pleading rule, he asserts a more reasonable interpretation of the phrase is that it applies only to the pleadings of the parties in the case in chief, excluding summary judgment pleadings, summary judgment evidence, or any other evidence in the record.

Acknowledging the lack of direct authority in support of his position, appellant cites

as inferential authority, *Weinberg v. American Gen. Fire & Cas. Co.*, 626 S.W.2d 555 (Tex.App.—Texarkana 1981), *rev'd on other grounds*, 639 S.W.2d 688 (Tex.1982), *Turner v. Liberty Mut. Ins. Co.*, 592 S.W.2d 14 (Tex.Civ.App.—Texarkana 1979, no writ), and *Baca v. Transport Ins. Co.*, 538 S.W.2d 814 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). In each of these cases summary judgments in favor of the workers' compensation insurance carrier were reversed.

In *Baca v. Transport Ins. Co., supra,* the appellee filed only a general denial to the claimant's petition. It then filed its motion for summary judgment asserting a lack of good cause for the claimant's failure to timely file his claim. In general language, the motion recited that it was based upon the pleadings and depositions on file. In reversing the trial court, the appellate court noted appellant pled he had properly filed his claim to which the appellee had not filed a verified denial. Applying Rule 93, the court said under that circumstance, it was presumed that the filing was done and filed in legal time. Even so, the court went on to say it was also reversing the judgment because the evidence in the trial court was not sufficient to show as a matter of law that "good cause" did not exist for the late filing of the claim. *Id.* at 815–816.

In *Turner v. Liberty Mut. Ins. Co., supra,* the appellate court, because the carrier had only filed a general denial, applied Rule 93 and, citing the *Baca* case, overturned a trial court summary judgment that the claimant did not have good cause for the late filing of her claim.

In *Weinberg v. American Gen. Fire & Cas. Co., supra,* the Court of Civil Appeals applied Rule 93 and, because the carrier had only filed a general denial, reversed a trial court summary judgment that the claimant had not timely filed his suit. However, the Supreme Court reversed the intermediate court's action because that particular error and not been raised on appeal. Parenthetically, the Supreme Court, considering summary judgment evidence analogous to that in this case, held it

sufficient to sustain the judgment of the trial court. *American General Fire & Cas. Co. v. Weinberg,* 639 S.W.2d 688, 689–690 (Tex.1982).

The question of summary judgment pleadings and evidence in connection with the Rule 93 phrase "otherwise appearing of record," or indeed the meaning of that provision, was not presented to, nor discussed by, any of the above courts. We do not agree that these cases inferentially support appellant's position.

Appellant also cites *Freedman v. Briarcroft Property Owners,* 776 S.W.2d 212 (Tex.App.—Houston [14th Dist.] 1989, no writ), for the proposition that lack of timely filing of a claimant's suit may not be shown by summary judgment pleadings or evidence. That case was an appeal from a grant, after hearing, of a permanent injunction against the building of a parking lot. On appeal the appellants challenged the appellees' standing (capacity) to bring the suit. Although they had not filed a verified pleading raising that question, the appellants argued that an affidavit attached to a motion for summary judgment filed by them during trial, raising that question, met the Rule 93 requirements.

It was in that context that the *Freedman* court made a statement that affidavits attached to summary judgment motions do not constitute part of the live pleadings in the case. As its support for that proposition, the court cited as analogous authority, *Sugarland Business Center, Ltd. v. Norman,* 624 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1981, no writ). However, the actual holding of the *Sugarland* court was that, since sworn pleadings are not summary judgment evidence, an affidavit attached to a pleading, but not attached to a motion for summary judgment, does not constitute summary judgment evidence. *Id.* at 642. Moreover, the question of the meaning and application of the "otherwise appearing of record" phrase of Rule 93 again was not presented to, nor discussed by, the *Freedman* court. The case is distinguishable from the instant one and its holding inapplicable here.

Additionally, it is well established that because the jurisdiction of a court is fundamental and may not be ignored, a court must notice, even sua sponte, the matter of its jurisdiction. *Marshall v. Brown*, 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). We remain convinced that the summary judgment evidence was sufficient to justify the trial court's determination of its lack of jurisdiction. Appellant's first point is overruled.

In his second point, appellant avers that we erred in applying Rule 93 in our determination of his case. In support of his argument, he points out that Texas Revised Civil Statute Article 8307b provides that in the trial of a case appealed from a Board award, the timely filing of the case is presumed unless denied by verified pleadings. He emphasizes that the statute does not have the "unless the truth of such matters appear of record" exception contained in Rule 93. He refers to that provision of Texas Rule of Civil Procedure 2 which states that any statute in any special statutory proceeding which prescribes a rule of procedure different from the procedure set forth in the Rules of Civil Procedure controls unless that statute was not in effect prior to September 1, 1941, or was included in the list of repealed statutes. Pointing out that article 8307b was in existence on September 1, 1941, and was not included in the list of repealed statutes, appellant posits that proper application of Rule 2 requires that Rule 93 may not be used in determining whether an appeal from a Board award was properly made. As his sole authority for that proposition, he cites *Green v. Texas Employment Commission*, 675 S.W.2d 809 (Tex.App.—El Paso 1985, writ ref'd n.r.e.).

The *Green* case involved an appeal from a decision of the Texas Employment Commission. Texas Revised Civil Statute Article 5221b–4(i), the applicable statute in that case, provided that such an appeal must be filed in a proper court "[w]ithin ten (10) days after the decision of the Commission has become final." The tenth day for filing the appeal in the case fell on a Sunday, the next day was a legal holiday, and the appeal was not filed until a Tuesday, the twelfth day. The appellate court concluded that the ten day period specified in the statute was controlling and could not be extended by applying the provision in Rule 4 of the Texas Rules of Civil Procedure extending the time for filing in such case until the end of the next day which is neither a Saturday, a Sunday, nor a legal holiday.

However, in cases involving an appeal from a Board award, including all of the cases cited by appellant, or found by us, the courts have consistently considered Rule 93 in connection with article 8307b in determining questions such as those in this case. Indeed, the author of the *Green* opinion wrote the court's opinion in *Baca v. Transport Ins. Co., supra,* which applied and construed Rule 93 in determining whether the appeal in that case was properly filed. *See also Le Beau v. Highway Ins. Underwriters,* 143 Tex. 589, 187 S.W.2d 73, 75 (1945); *Freedman v. Briarcroft Property Owners, supra; Turner v. Liberty Mut. Ins. Co., supra; Guzman v. Aetna Cas. & Sur. Co.,* 564 S.W.2d 116, 118 (Tex.Civ. App.—Beaumont 1978, no writ); *Continental Fire & Casualty Ins. Corp. v. Snow,* 213 S.W.2d 720, 721 (Tex.Civ.App.—Eastland 1948, no writ); *Federal Underwriters Exchange v. Hinkle,* 187 S.W.2d 122, 126 (Tex.Civ.App.—Fort Worth 1945, writ ref'd w.o.m.). Appellant's second point is overruled.

In summary, we remain convinced that our disposition of this case is correct. Accordingly, appellant's motion for rehearing is overruled.