NO. 07-04-0548-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2006
_____

IN THE MATTER OF THIRTY-FOUR GAMBLING DEVICES, AND
SIX HUNDRED THIRTY-NINE DOLLARS IN UNITED STATES CURRENCY
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 53,716-B; HONORABLE JOHN BOARD, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Michelle Medrano, appeals a judgment forfeiting 34 gambling devices, $639 cash, and other items which were seized from Medrano's possession. We dismiss for want of jurisdiction.

On June 24, 2003, an Affidavit for Search Warrant was submitted to Judge John B. Board. The affiant was Corporal Dan Howington of the Amarillo Police Department. In his affidavit, Howington described the results of an undercover investigation, concluded that his investigation revealed facts sufficient to establish probable cause to believe that illegal gambling activities were occurring at a business known as "The Other Place," and

requested the issuance of a search warrant. On that same day, Judge Board issued a warrant to search "The Other Place" based upon Howington's affidavit. As a result of the search, the property at issue in this case was seized. Medrano was the person found in possession of the property at the time of the seizure.

The State filed a Petition for Forfeiture of Gambling Devices and/or Gambling Paraphernalia and Gambling Proceeds seeking forfeiture of the seized property pursuant to article 18.18 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. § 18.18 (Vernon 2005).[1] Medrano filed a general denial. The trial court set the forfeiture for trial and sent a general notice to the parties.

One day prior to the date set for the trial, Medrano filed a Plea in Abatement and Motion for Continuance objecting to the court's notice as failing to comply with the notice required by article 18.18. The court reset the trial for a later date and issued a Notice Pursuant to Texas Code of Criminal Procedure – Article 18.18 ("the court's notice").

While hearing certain pre-trial motions filed by Medrano, the trial court indicated that it had intended for the forfeiture proceeding to have proceeded under the court's notice rather than under the State's petition. However, because the case initiated by the court's notice had not been assigned a cause number, the trial court called cause number 53,716-B, the cause initiated by the State's petition. After resolution of the pre-trial matters, the

---

[1]Further reference to provisions of the Texas Code of Criminal Procedure will be by reference to "article ____."

court called the case to by tried by stating "we will proceed under the 18.18 notice in 53,716-B."[2]

Following trial, the court rendered judgment that the seized property was prohibited gambling devices, paraphernalia, and proceeds. The court then rendered judgment that the machines were gambling devices and gambling paraphernalia and that the currency was gambling proceeds.

After rendition but prior to written judgment, the State filed a Motion to Sever requesting that all issues in cause number 53,716-B be severed into a new cause initiated by the court's notice. The purpose of the severance request was to effectuate the trial court's stated intent to conduct the forfeiture proceedings under the court's notice. The State further indicated that, if the proceedings were severed into a new cause arising from the court's notice, the State intended to dismiss the 53,716-B cause number. Medrano objected to the severance contending that the State's severance request was untimely. The trial court granted the State's severance on the same day that it entered judgment in cause number 53,716-B. By its severance order, any pleadings filed in cause number 53,716-B that arose from, or were responsive to, the court's notice were to be severed into a new cause, which was assigned cause number 54,834-B. Following the severance, the State filed a Motion for Nonsuit in cause number 53,716-B, which was granted by the trial court. Medrano filed a Motion to Strike or, Alternatively, for New Trial objecting that the

_____

[2]We note that the court's notice was also filed in the file of the 53,716-B cause number.

3

court's severance came after the case had been submitted to the fact-finder. These motions were overruled by operation of law.

Because the jurisdiction of a court is fundamental, a court must notice, even *sua sponte*, the matter of its jurisdiction. Lechuga v. Texas Employers' Ins. Ass'n, 791 S.W.2d 182, 187 (Tex.App.–Amarillo 1990, writ denied); Marshall v. Brown, 635 S.W.2d 578, 580 (Tex.App.–Amarillo 1982, writ ref'd n.r.e.). In a civil case, an appeal from a final judgment may generally be taken to the court of appeals. TEX. CIV. PRAC. & REM. CODE § 51.012 (Vernon 1997).

Medrano, according to her notice of appeal, appealed from judgment in cause number 54,834-B. However, our review of the record reveals that no judgment was entered in cause number 54,834-B. The only judgment found in the record is in cause number 53,716-B. Thus, we can find no final judgment in cause number 54,834-B upon which Medrano's appeal can be predicated.

We further conclude that the trial court's severance order in cause number 54,834-B fails to sever the judgment in cause number 53,716-B into the appealed cause. We note that both the court's judgment in cause number 53,716-B and severance order were entered on July 26, 2004. However, the severance orders that

> cause number 53,716-B be severed from the action arising from the Court's Notice Pursuant to Texas Code of Criminal Procedure - Article 18.18, . . . that the action arising from the [court's] notice be made a separate suit, and that the separate suit be assigned its own docket number . . . . It is further ordered that any pleadings filed in cause number 53,716-B that arose from, or were responsive to, the Court's notice . . . be made a part of the Court's file in the new cause.

4

(Emphasis added).  The court's severance order does not expressly sever the judgment entered in cause number 53,716-B into the new cause, even though such judgment was entered at or about the same time the severance was ordered.[3]  As the trial court did not enter judgment in cause number 54,834-B and as the severance failed to sever the 53,716-B judgment into cause number 54,834-B, we find no appealable judgment in cause number 54,834-B.

We acknowledge that the Texas Supreme Court has indicated that a court of appeals has jurisdiction over an appeal when the appellant files an instrument that is a bona fide attempt to invoke appellate jurisdiction and that decisions of appellate courts should turn on substance rather than procedural technicalities.  See San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992).  In Rodriguez, the Court held that the city's notation of the incorrect cause number on its notice of appeal did not defeat the court of appeals' jurisdiction over the appeal.  Id.  However, we find the present case distinguishable from Rodriguez.  As indicated above, no final judgment was entered in cause number 54,834-B.  Thus, unlike Rodriguez, the present appeal does not simply fail to correctly identify the cause number of

---

[3]We note that Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, 78-79 (1959), provides that an appeal may be taken from a potentially erroneous severance even though, if the severance is subsequently vacated, no final judgment would exist in the appeal. However, in Pierce, the appellant appealed the purportedly final judgment entered in the severed cause.  In the present case, Medrano appealed a "judgment" entered in cause number 54,834-B when no such judgment exists.  We do not believe that Pierce provides authority for us to review a judgment entered in a wholly separate cause from that appealed.

the judgment being appealed from, rather, it attempts to appeal a judgment that simply does not exist.[4]

Concluding that there is no final judgment in this cause upon which Medrano could appeal, we dismiss her appeal for want of jurisdiction.

Mackey K. Hancock
Justice

---

[4]We also note that Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1992), indicates that we must give an appellant a reasonable opportunity to amend or refile an instrument that was a bona fide attempt to invoke our jurisdiction. However, in the present case, there was no judgment entered in cause number 54,834-B and the judgment entered in cause number 53,716-B was dismissed while the trial court retained plenary power over the cause and at the request of the State. See TEX. R. CIV. P. 329b(d). Consequently, any notice of appeal relating to the present case could not be an appeal of a final judgment and, therefore, we conclude that allowing Medrano an opportunity to amend or refile would be futile.